■ In the Matter of MARTIN WYNYARD et al., Appellants, v ANTIQUE COMPANY OF NEW YORK, INC., et al., Respondents, and FIDES TREUHAND-VEREINIGUNG, Respondent. [668 NYS2d 617] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered September 17, 1996, which denied petitioners' motion to vacate their default with respect to an order of the same court and Surrogate, entered on about January 5, 1995, granting respondent FIDES' motion to dismiss the petition as against it on the ground of forum non conveniens, unanimously affirmed, without costs.

The court properly exercised its discretion in denying the motion to vacate the order entered on default since petitioners failed to satisfy their burden of demonstrating a reasonable excuse for the default by submitting an affidavit by someone with personal knowledge of the material facts (*see*, *Adefioye v Volunteers of Am.*, 222 AD2d 246). Neither any of the individual petitioners nor anyone from the law firm then representing them submitted an affidavit to substantiate petitioners' claimed lack of notice of the forum non conveniens motion or of the hearing date announced in open court in the presence of former counsel (*see*, *Morris v Metropolitan Transp. Auth.*, 191 AD2d 682). The record establishes that petitioners were

represented by counsel during all relevant time periods, as well as the fact that notice of entry of the order entered on default was served on counsel of record. We also note that counsel for petitioners waited almost a year before moving to vacate the default although, in the interim, pretrial proceedings had occurred in connection with petitioners' claims against the remaining respondents, such that respondent FIDES, which did not participate therein, would be prejudiced if the default were now opened (*see, First Nationwide Bank v Calano*, 223 AD2d 524).

We have considered petitioners' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.