■ RUTH J. JOHNSON, Respondent, v McFADDEN FORD, INC., Doing Business as McFADDEN DEALERSHIPS, Appellant. (Appeal No. 1.) [718 NYS2d 670] —Appeal unanimously dismissed without costs. Memorandum: Plaintiff commenced this action to recover damages for defendant's violation of the secondhand motor vehicle certificate and warranty statutes (Vehicle and Traffic Law §§ 417, 417-a). In appeal No. 1, defendant appeals from an order granting plaintiff a default judgment based on defendant's failure to answer the complaint. In appeal No. 2, defendant appeals from an order denying its motion to vacate the default judgment. In appeal No. 3, defendant appeals from an order entered following an inquest on damages, finding that plaintiff had sustained actual damages of $12,489.96, awarding plaintiff treble damages of $37,469.88 under Vehicle and Traffic Law § 417-a, and awarding plaintiff attorneys' fees under that statute in the amount of $10,812.50.

No appeal lies from an order entered on default and thus the appeal from the order in appeal No. 1 must be dismissed (*see,* CPLR 5511; *Putrino-Weiser v Sharf,* 272 AD2d 894; *Matter of Ozolins* [appeal No. 2], 65 AD2d 958).

With respect to appeal No. 2, defendant failed to demonstrate a reasonable excuse for its failure to answer the complaint, and thus Supreme Court did not err in refusing to vacate the default judgment (*see, Fidelity & Deposit Co. v Arthur Andersen & Co.,* 60 NY2d 693, 695; *Klenk v Kent,* 103 AD2d 1002, *appeal dismissed* 63 NY2d 953). Given the failure of defendant to demonstrate a reasonable excuse for its default, we need not address whether defendant demonstrated a meritorious defense to the action (*cf., Brown v Baghdady,* 226 AD2d 1137). Moreover, given the failure of defendant to excuse its default, we may not take cognizance of defendant's various challenges to the entry of the order on default (*see, Fish v Fish,* 251 AD2d 942, 943; *Fleet Fin. v Nielsen,* 234 AD2d 728, 729). In any event, defendant may not raise those challenges for the first time on appeal (*see, Northside Partnership v Vinci,* 222 AD2d 921, 922, *lv dismissed* 87 NY2d 1055; *Pallette Stone Corp. v Ebert,* 210 AD2d 807, 808).

The court properly computed actual damages, awarded

plaintiff treble damages, and awarded plaintiff attorneys' fees under Vehicle and Traffic Law §§ 417 and 417-a. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Default Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.