Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered July 12, 2002, which, inter alia, denied the motion of defendants Cucinelli Family, LLC and James Cucinelli, doing business as Light Fabrications, to vacate a default judgment entered against them.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Cucinelli Family, LLC and James Cucinelli, doing business as Light Fabrications (collectively, defendants), moved pursuant to CPLR 5015 (a) (1) to vacate a default judgment entered against them after Supreme Court granted plaintiff’s unopposed motion pursuant to CPLR 3215 (a). Defendants contend that they established a reasonable excuse for their default in answering the complaint and that they have a meritorious defense to the action. The court properly denied defendants’ motion to vacate the default judgment because defendants’ evidence of excusable default is insufficient. “Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court, the movant must submit supporting facts in evidentiary form sufficient to justify the default” (Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554 [2001] [internal citations omitted]; see Empire Chevrolet Sales Corp. v Spallone, 304 AD2d 708 [2003]; Wynyard v Antique Co. of N.Y., 247 AD2d 265 [1998]). In support of their motion, defendants submitted an affidavit from their controller, who averred that defendants had forwarded the pleadings to an unidentified insurance agent and that he had been advised by an unidentified source that the pleadings had been forwarded to the insurance company. The insurance company, however, denied ever receiving the pleadings, and the averments of the controller fail to establish that he had personal knowledge of the facts alleged in his affidavit. An affidavit from one “without any personal knowledge of the events surrounding the default [ ]” is insufficient to establish a reasonable excuse for that default (Jablonsky, 283 AD2d at 554). “Given the failure of defendant[s] to demonstrate a reasonable excuse for [their] default, we need not address whether *888 defendants] demonstrated a meritorious defense to the action” (Johnson v McFadden Ford, 278 AD2d 907, 907 [2000]).
Inasmuch as no excuse has been offered for defendants’ failure to respond to the motion for a default judgment, we do not reach the issue whether the court ordered entry of judgment in violation of CPLR 3215 (c). Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.