PETER L. PETROSINO et al., Respondents, v ROBERT P. PETROSINO et al., Appellants. [805 NYS2d 894]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered October 16, 2003. The judgment, inter alia, denied defendants' motion to vacate a default judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, defendants' motion is granted in part, the judgment entered March 13, 2002 is vacated, plaintiffs are directed to accept service of the answer dated January 28, 2002 and the claim for partition is dismissed, and the motion to confirm the Referee's report and the cross motion are dismissed.

Memorandum: The parties are five of the children of Daniel Petrosino and Mary Petrosino (hereafter, parents), the former owners of property on West Lake Road in the Town of Fleming. In 1966 the parties' mother conveyed her interest in the realty to the parties' father, and the father conveyed his interest in the house and outbuildings to the mother, thereby converting those buildings from realty to personalty (*see generally Melton v Fullerton-Weaver Realty Co.*, 214 NY 571, 575 [1915]; *Schuchardt v Mayor, Aldermen & Commonalty of City of N.Y.*, 53 NY 202, 208-210 [1873]). In 1971 the parties' father conveyed his interest in the real property to Robert P. Petrosino (defendant). The parents continued to reside in the house on defendant's property until 1999. In 1995 the parties' mother executed a bill of sale transferring her interest in the house and outbuildings to the parties herein. Plaintiffs thereafter commenced the instant action pursuant to RPAPL article 15 seeking, inter alia, access to the house and outbuildings or, in the alternative, partition pursuant to RPAPL article 9. Defendants failed to answer the complaint in a timely manner, and Supreme Court granted plaintiffs' motion seeking a default judgment and ordered, inter alia, partition. In addition, the court referred the matter to a referee.

Months later, defendants moved, inter alia, to vacate the default judgment. In support of the motion, defendants' attorney stated in an affirmation that her law partner unexpectedly became ill on December 17, 2001, and died on January 6, 2002, the day before the deadline plaintiffs had set in response to her request for an extension of time in which to answer the complaint. Defendants' attorney further stated that she contacted plaintiffs' attorney by telephone and informed him that her partner was ill and that she was "extremely upset and preoccupied" as a result of his illness. According to defendants' attorney, plaintiffs' attorney told her to "take the time [she] need[ed]." Plaintiffs nevertheless had moved for a default judgment on January 24, 2002, and rejected the answer served by defendants on or about January 28, 2002. The court did not render an explicit determination on the motion to vacate at that time, but the court denied the motion in an order entered after the Referee had made a report and plaintiffs had moved to confirm that report.

"A defendant seeking to vacate a default under [CPLR 5015 (a) (1)] must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). We conclude that defendants'

attorney reasonably relied upon the assurances of plaintiffs' attorney that it was permissible to "take the time" she needed in order to answer the complaint. Thus, "[i]n view of the unintentional nature of the default, the reasonable nature of the excuse, . . . and the judicial preference for resolving cases on their merits," we conclude that the court abused its discretion in determining that there was no reasonable excuse for the delay in answering the complaint (*Cavagnaro v Frontier Cent. School Dist.*, 17 AD3d 1099, 1099 [2005]; *cf. Solorzano v Cucinelli Family*, 1 AD3d 887 [2003]).

We further conclude that the court abused its discretion in determining that defendants do not have a meritorious defense to plaintiffs' action (*see generally Cavagnaro*, 17 AD3d 1099 [2005]; *Humphrey v WIXT News Ch. 9*, 12 AD3d 1087 [2004]), inasmuch as plaintiffs lack standing to seek partition of the real property (*see* RPAPL 901 [1]). "A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (*id.*). Plaintiffs herein are neither joint tenants nor tenants in common with defendant, the owner of the real property, and thus they lack standing to seek partition of that property (*cf. Chiang v Chang*, 137 AD2d 371, 373-376 [1988]).

We therefore reverse the judgment, grant defendants' motion in part, vacate the default judgment, direct plaintiffs to accept service of the answer dated January 28, 2002 and dismiss the claim for partition, and we dismiss plaintiffs' motion to confirm the Referee's report and defendants' subsequent cross motion as moot.

We have reviewed defendants' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.