MICHAEL P. GRAHAM, Appellant, v STATE OF NEW YORK, Respondent. [845 NYS2d 210]—Appeal from an order of the Court of Claims (Philip J. Patti, J.), entered June 12, 2006 in a personal injury action. The order denied claimant's motion for permission to file a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.

 GEORGE J. KOVACH, Respondent, v FLORENCE L. SETZER, Defendant, and GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant. [844 NYS2d 745]—Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered June 7, 2006. The order denied the motion of defendant General Motors Acceptance Corporation to dismiss the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs (*see Leuchner v Cavanaugh*, 42 AD3d 893, 894 [2007]). Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.

 KEVIN BUJA, Respondent, v SHEPARD NILES, INC., Appellant, et al., Defendant. [844 NYS2d 793]—Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered October 5, 2006 in a personal injury action. The order denied the motion of defendant Shepard Niles, Inc. to vacate a default judgment entered against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Shepard Niles, Inc. (defendant) appeals from an order denying its motion to vacate the default judgment entered against it in this personal injury action. Supreme Court did not abuse its discretion in concluding that no reasonable excuse had been offered for defendant's default in answering the complaint (*see CB Richard Ellis v JLC Holdings*, 306 AD2d 870 [2003]; *see also Johnson v McFadden Ford*, 278 AD2d 907 [2000]; *cf. Steinbarth v Otis El. Co.*, 244 AD2d 930 [1997]). Given the failure of defendant to demonstrate a reasonable excuse for its default, we need not address whether it demonstrated a meritorious defense to the action (*see Smolinski v Smolinski*, 13 AD3d 1188, 1189 [2004]; *Solorzano v Cucinelli Family*, 1 AD3d 887, 887-888 [2003]). Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.