■■■ WILLIAM M. BREHM et al., Respondents, v LINDA PATTON et al., Defendants, and MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant. [864 NYS2d 226]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 7, 2007. The order denied

the motion of defendant Manufacturers and Traders Trust Company seeking, inter alia, to vacate a default judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Manufacturers and Traders Trust Company (defendant) appeals from an order denying its motion seeking, inter alia, to vacate the default judgment entered against it pursuant to CPLR 5015 (a) (1) and to permit it to serve and file an answer to the complaint. We conclude that Supreme Court properly refused to vacate the default judgment inasmuch as defendant failed to establish a reasonable excuse for its default in answering the complaint. "Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court . . . , the movant must submit supporting facts in evidentiary form sufficient to justify the default" (*Incorporated Vil. of Hempstead v Jablonsky,* 283 AD2d 553, 554 [2001]; *see Solorzano v Cucinelli Family,* 1 AD3d 887 [2003]). In support of its motion, defendant submitted the affidavits of several employees from the office of its in-house counsel. Those employees described defendant's method for receiving and processing legal documents and acknowledged that plaintiffs' summons and complaint was received by personal service and was forwarded to and reviewed by one of the attorneys in the office of in-house counsel. Defendant, however, failed to provide an affidavit from that attorney or to otherwise explain why it could not obtain an affidavit from that attorney, and it appears on the record before us that no one in the office of in-house counsel thereafter had any contact with the pleadings. We thus conclude that defendant presented a "vague . . . claim of law office failure" (*Fennell v Mason,* 204 AD2d 599, 599 [1994]), unsupported by any evidence from someone with personal knowledge of the events surrounding the default, and such a claim does not constitute a reasonable excuse for the default (*see Solorzano,* 1 AD3d 887 [2003]; *Jablonsky,* 283 AD2d at 554).

Inasmuch as defendant failed to establish a reasonable excuse for its default, we need not address the further contention of defendant that it demonstrated that it has a meritorious defense to the action (*see Johnson v McFadden Ford,* 278 AD2d 907 [2000]). Present—Scudder, P.J., Hurlbutt, Martoche and Lunn, JJ.