■ HUB MOORE et al., Respondents, v KENDRA DAY, Appellant, et al., Defendant. [866 NYS2d 303]—

In an action, inter alia, to recover the proceeds of an escrow fund, the defendant Kendra Day appeals from (1) an order of the Supreme Court, Kings County (Vaughan, J.), dated July 25, 2007, which granted the plaintiffs' unopposed motion for summary judgment and denied her cross motion to dismiss the complaint, and (2) an order of the same court dated November 14, 2007 which denied her motion to vacate the default.

Ordered that the appeal from the order dated July 25, 2007 is dismissed; and it is further,

Ordered that the order dated November 14, 2007 is reversed, on the facts and in the exercise of discretion, the motion of the defendant Kendra Day to vacate her default is granted, the order dated July 25, 2007 is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the order dated July 25, 2007 must be dismissed, as no appeal lies from an order made upon the default of the appealing party (*see* CPLR 5511).

This is an action arising from a real estate closing of a landmarked real estate property located in the Brooklyn Academy of Music zone in Brooklyn. Due to some existing landmark violations of record on the property, the defendant Kendra Day

(hereinafter the seller) and the plaintiffs (hereinafter the purchasers) entered into an escrow agreement at the closing, whereby the seller agreed to place $20,000 in escrow for the correction of the violations by September 15, 2000. The purchasers further agreed that, in the event the corrections were not made, they would provide a 10-day notice to cure to the seller prior to undertaking removal of the violations.

In 2004, after several unsuccessful attempts to contact the seller's attorney, the purchasers spent their own funds to correct the violations. The purchasers thereafter commenced the instant action against the seller and her attorney as escrowee for the release of the escrowed funds as well as for additional money spent for the correction of the violations, and for counsel fees. The purchasers moved for summary judgment. The seller served opposition to the motion and a cross motion to dismiss the complaint, but did not file them until one day after the required date. The Supreme Court granted the purchasers' motion for summary judgment based on the seller's one-day default in filing her opposition to the motion and denied her cross motion to dismiss the complaint. The Supreme Court subsequently denied the seller's motion to vacate her default. The seller appeals.

CPLR 5015 (a) provides that a party may be relieved from a judgment on the ground, among others things, of "excusable default" (CPLR 5015 [a] [1]). "A defendant seeking to vacate a default under this provision must demonstrate a reasonable excuse for its delay in appearing and answering the complaint [or motion] and a meritorious defense to the action" (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *see DeStaso v Bottiglieri*, 52 AD3d 453 [2008]; *Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417 [2007]; *Friedman v Crystal Ball Group, Inc.* 28 AD3d 514 [2006]). In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (*see Schmidt v City of New York*, 50 AD3d 664 [2008]; *Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673, 674 [2006]; *Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573, 574 [2004]). Documented law office failure may constitute a reasonable excuse for a default (*see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632 [2003]; *Storchevoy v Blinderman*, 303 AD2d 672 [2003]; *Barrett v Littles*, 260 AD2d 418 [1999]).

Here, contrary to the Supreme Court's determination, the seller proffered a reasonable excuse of law office failure for her

one-day delay in filing her previously-served opposition and cross motion (*see* CPLR 2005; *DePompo-Seff v Genovese Drug Stores, Inc.,* 13 AD3d 109 [2004]; *Beizer v Funk,* 5 AD3d 619, 620 [2004]; *Storchevoy v Blinderman,* 303 AD2d 672 [2003]), and established a meritorious defense sufficient for the purpose of this motion (*see Mutual Mar. Off., Inc. v Joy Constr. Corp.,* 39 AD3d at 419; *Quis v Bolden,* 298 AD2d 375 [2002]; *Energy Sav. Prods. v Milici,* 168 AD2d 415 [1990]). In addition, there was no showing of prejudice to the plaintiffs, and no evidence of a willful default or intent to abandon any defenses to the action (*see Ahmad v Aniolowiski,* 28 AD3d 692, 693 [2006]; *DePompo-Seff v Genovese Drug Stores, Inc.,* 13 AD3d at 109). Under these circumstances, and cognizant that public policy favors the resolution of cases on the merits, the Supreme Court improvidently exercised its discretion in denying the appellant's motion to vacate her default (*see Schonfeld v Blue & White Food Prods. Corp.,* 29 AD3d at 674; *Ahmad v Aniolowiski,* 28 AD3d at 693; *New York & Presbyt. Hosp. v Auto One Ins. Co.,* 28 AD3d 441, 441-442 [2006]). Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.