# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

369

CA 11-01942

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

MARGARET M. FREMMING AND KENNETH W. FREMMING,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

PAUL E. NIEDZIALOWSKI AND ANNE M. NIEDZIALOWSKI,
DEFENDANTS-RESPONDENTS.

---

HAMSHER & VALENTINE, BUFFALO (RICHARD P. VALENTINE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LAW OFFICE OF LAURIE G. OGDEN, BUFFALO (PAMELA S. SCHALLER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered December 13, 2010 in a personal injury action. The order denied the motion of plaintiffs to vacate the order granting the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this personal injury action arising out of a motor vehicle accident, plaintiffs appeal from an order denying their motion pursuant to CPLR 5015 (a) to vacate a prior order granting defendants' motion for summary judgment dismissing the complaint. The prior order was entered upon plaintiffs' default, when plaintiffs failed to file papers in opposition to the motion and their attorney at that time failed to appear in court on the return date of the motion. Plaintiffs thereafter retained new counsel, who moved to vacate the order granting defendants' motion (*see id.*). In support of their motion, plaintiffs submitted an affidavit from their former attorney, who stated that he failed to oppose defendants' motion in a timely manner due to mental health issues he was experiencing at the time. Plaintiffs also submitted an affidavit from their former attorney's psychiatrist, who averred that he had been treating counsel for depression and for attention deficit/hyperactivity disorder (ADHD) for approximately 8½ years. Defendants opposed the motion, contending that plaintiffs' explanations for the default were unreasonable and amounted to law office failure, and Supreme Court denied the motion without explanation.

We conclude that the court properly refused to vacate the default pursuant to CPLR 5015 (a). "To vacate their default in opposing the

defendants' motion for summary judgment, the plaintiffs were required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (*Walker v Mohammed*, 90 AD3d 1034, 1034; *see Counsel Fin. Servs., LLC v David McQuade Leibowitz, P.C.*, 81 AD3d 1421, 1422).  Here, plaintiffs failed to establish a reasonable excuse for the default, and we therefore need not determine whether they had a potentially meritorious opposition to the motion (*see Buja v Shepard Niles, Inc.*, 45 AD3d 1391).

Although an attorney's illness may under certain circumstances constitute a reasonable excuse for a default (*see Weitzenberg v Nassau County Dept. of Recreation & Parks*, 29 AD3d 683, 684-685), that is not the case here.  The fact that plaintiffs' former attorney suffered from depression and ADHD does not constitute a reasonable excuse for failing to submit papers in opposition to defendants' motion and for failing to appear in court on the return date thereof.  Plaintiffs' former attorney had been practicing law under a psychiatrist's care for over eight years, and there is no indication in the record that his mental health issues had previously interfered with his ability to meet his responsibilities.  Indeed, the claim of plaintiffs' former attorney that his mental health problems caused the default are belied by the fact that, during the same time frame, he participated in various other aspects of the litigation without apparent difficulty. Finally, we note that the court granted plaintiffs multiple adjournments with respect to the return date of defendants' motion, and made clear on the record that no further adjournments would be granted.

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court