# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

750

CA 12-01684

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

APRYL CALACI, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

ALLIED INTERSTATE, INC., ALLIED INTERSTATE, LLC
AND IQOR US INC., DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

REED SMITH LLP, NEW YORK CITY (CASEY D. LAFFEY OF COUNSEL), AND
UNDERBERG & KESSLER LLP, BUFFALO, FOR DEFENDANTS-APPELLANTS.

LAW OFFICES OF KENNETH HILLER, PLLC, AMHERST (KENNETH R. HILLER OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered August 24, 2012. The order denied the motion of defendants to vacate the default order entered May 26, 2012.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendants' motion is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: In appeal No. 1, defendants appeal from an order that, inter alia, granted plaintiff's motion for judgment on liability based on defendants' default and for an inquest on damages, and denied defendants' amended motion to dismiss the complaint and to compel arbitration. In appeal No. 2, defendants appeal from a subsequent order denying their motion to vacate the order in appeal No. 1. We note at the outset that the appeal from the order in appeal No. 1 must be dismissed because no appeal lies from an order entered on default (*see* CPLR 5511; *Johnson v McFadden Ford*, 278 AD2d 907, 907). It is undisputed that there was indeed a default; defendants' amended motion to dismiss, served in lieu of an answer, was procedurally defective because their attorneys failed to obtain a request for judicial intervention (RJI) prior to serving the motion. We agree with defendants in appeal No. 2, however, that Supreme Court abused its discretion in denying their motion to vacate the default order in appeal No. 1.

To establish an excusable default under CPLR 5015 (a) (1), the defaulting party must proffer a reasonable excuse for the default as well as a meritorious defense to the action or proceeding (*see Matter of Clinton County [Miner]*, 39 AD3d 1015, 1016; *Matter of Jefferson*

*County*, 295 AD2d 934, 934). In determining whether to vacate an order entered on default, "the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Moore v Day*, 55 AD3d 803, 804; *see Puchner v Nastke*, 91 AD3d 1261, 1262; *Kahn v Stamp*, 52 AD2d 748, 749).

Here, defendants established that their default was due to the failure of their attorneys to obtain an RJI before serving the amended motion to dismiss, which was otherwise timely. The court erred in rejecting that excuse on the ground that "law office failure is not an excuse that is accepted by the Court of Appeals." It is well established that law office failure may be excused, in the court's discretion, when deciding a motion to vacate a default order (*see* CPLR 2005; *Raphael v Cohen*, 62 NY2d 700, 701; *Alternative Automotive v Mowbray*, 101 AD2d 715, 715). With respect to other relevant factors, we note that defendants had contested plaintiff's claims in federal court for more than a year before this action was recommenced in Supreme Court, and their attorneys had filed timely notices of appearances in Supreme Court and had been communicating with plaintiff's attorney before the answer was due. We further note that plaintiff was not prejudiced by defendants' inadvertent default, and that the extent of the delay was minimal. Indeed, defendants moved to vacate the default order six days after the court rendered its decision from the bench granting plaintiff's motion and three days before the default order was entered.

We further conclude that, contrary to plaintiff's contention, defendants proffered a meritorious defense to the complaint, which alleges a single cause of action under the Telephone Consumer Protection Act of 1991 (47 USC § 227, as added by Pub L 102-243, 105 US Stat 2394; *see* 47 CFR 64.1200 *et seq.*). Defendants submitted, inter alia, an affidavit of merit from an employee of Capital One Services, LLC, an affiliate and service provider to Capital One Bank (USA) N.A. (hereafter, Capital One), who averred that he personally had reviewed Capital One's records and attached plaintiff's online credit card application. According to the employee, the records established that plaintiff had given Capital One her home telephone number and, pursuant to a "Customer Agreement," had consented to receiving telephone calls at that number. If the employee's averments are true, then defendants, as representatives of Capital One, may have at least a partial defense to the complaint. Considering "the strong public policy in favor of resolving cases on the merits" (*Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573, 574, *appeal dismissed* 3 NY3d 703; *see Lauer v City of Buffalo*, 53 AD3d 213, 217), we conclude that the court abused its discretion in denying defendants' motion to vacate the default order. We therefore reverse the order in appeal No. 2, and grant defendants' motion.

Inasmuch as the court granted plaintiff's motion in appeal No. 1, the court had no occasion to rule upon defendants' amended motion to dismiss the complaint and to compel arbitration. Under the circumstances of this case, we remit the matter to Supreme Court to

address defendants' amended motion.