# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**395**

**CA 13-02089**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

CARMEN BRITT AND CARMEN BRITT, AS EXECUTOR OF
THE ESTATE OF LULA BAITY, DECEASED,
PLAINTIFF-APPELLANT,

                 V                                   MEMORANDUM AND ORDER

BUFFALO MUNICIPAL HOUSING AUTHORITY, ELAINE
GARBE, BISILOLA F. JACKSON, ADMINISTRATOR OF
THE ESTATE OF JERELENE ELIZABETH GIWA, DECEASED,
GRACE MANOR HEALTH CARE FACILITY, INC., DAVID J.
GENTNER, MARY STEPHAN, KATHY RANDALL, TIFFANY
MATTHEWS AND PHILLIP J. RADOS, M.D.,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

LOUIS ROSADO, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

COLUCCI & GALLAHER, P.C., BUFFALO (JOHN J. MARCHESE OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS BUFFALO MUNICIPAL HOUSING AUTHORITY, ELAINE
GARBE AND BISILOLA F. JACKSON, ADMINISTRATOR OF THE ESTATE OF JERELENE
ELIZABETH GIWA, DECEASED.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (ELIZABETH G. ADYMY OF
COUNSEL), FOR DEFENDANT-RESPONDENT PHILLIP J. RADOS, M.D.

FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS GRACE MANOR HEALTH CARE FACILITY, INC., DAVID
J. GENTNER, MARY STEPHAN, KATHY RANDALL AND TIFFANY MATTHEWS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered November 19, 2013. The order denied the motion
of plaintiff to vacate, inter alia, an order granting defendants'
respective motions for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order denying her motion
pursuant to CPLR 5015 (a) (1) seeking to vacate, inter alia, an order
granting defendants' respective motions for summary judgment
dismissing the complaint. We reject plaintiff's contention that there
is a reasonable excuse for default, i.e., excusable law office
failure. It is undisputed that plaintiff's attorney failed to respond

to the summary judgment motions and failed to appear at the return date for those motions.  Instead, on the day before the return date, he filed a motion, returnable three weeks later, seeking, inter alia, a "stay" of the summary judgment motions pending the appeal from an order granting defendants' respective motions to amend their answers or, in the alternative, an extension of time to respond to the summary judgment motions.  The record establishes that Supreme Court had not reviewed plaintiff's motion before the return date for the summary judgment motions, and that plaintiff's attorney was advised that defendants intended to appear at the return date for their respective summary judgment motions.  The court advised defendants' respective attorneys on the record that plaintiff's attorney had contacted the court and stated that he would not be appearing.  "Whether an excuse is reasonable is a determination within the sound discretion of the [court]" (*Walker v Mohammed*, 90 AD3d 1034, 1034), and we conclude that the court did not abuse its discretion in rejecting plaintiff's excuse.  Indeed, plaintiff's "own submissions establish that the default was intentional and thus not excusable" (*Double Diamond Equity, Inc. v Valerie*, 23 AD3d 1103, 1104; *see Fremming v Niedzialowski*, 93 AD3d 1336, 1336-1337).  Because plaintiff failed to establish a reasonable excuse for the default, we need not determine whether she had a potentially meritorious opposition to the motion (*see Fremming*, 93 AD3d at 1336-1337).

Entered:  March 20, 2015                    Frances E. Cafarell
                                           Clerk of the Court