Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 19, 2013. The order denied the motion of plaintiff to vacate, inter alia, an order granting defendants’ respective motions for summary judgment dismissing the complaint.
*1412 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order denying her motion pursuant to CPLR 5015 (a) (1) seeking to vacate, inter alia, an order granting defendants’ respective motions for summary judgment dismissing the complaint. We reject plaintiffs contention that there is a reasonable excuse for default, i.e., excusable law office failure. It is undisputed that plaintiffs attorney failed to respond to the summary judgment motions and failed to appear at the return date for those motions. Instead, on the day before the return date, he filed a motion, returnable three weeks later, seeking, inter alia, a “stay” of the summary judgment motions pending the appeal from an order granting defendants’ respective motions to amend their answers or, in the alternative, an extension of time to respond to the summary judgment motions. The record establishes that Supreme Court had not reviewed plaintiffs motion before the return date for the summary judgment motions, and that plaintiffs attorney was advised that defendants intended to appear at the return date for their respective summary judgment motions. The court advised defendants’ respective attorneys on the record that plaintiffs attorney had contacted the court and stated that he would not be appearing. “Whether an excuse is reasonable is a determination within the sound discretion of the [court]” (Walker v Mohammed, 90 AD3d 1034, 1034 [2011]), and we conclude that the court did not abuse its discretion in rejecting plaintiffs excuse. Indeed, plaintiffs “own submissions establish that the default was intentional and thus not excusable” (Double Diamond Equity, Inc. v Valerie, 23 AD3d 1103, 1104 [2005]; see Fremming v Niedzialowski, 93 AD3d 1336, 1336-1337 [2012]). Because plaintiff failed to establish a reasonable excuse for the default, we need not determine whether she had a potentially meritorious opposition to the motion (see Fremming, 93 AD3d at 1336-1337).
Present — Scudder, P.J., Centra, Peradotto, Carni and Sconiers, JJ.