# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**436**

**CA 16-01266**

PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

MIA KADAH, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KEITH N. BYRD AND ALPHONSO BRADSHAW,
DEFENDANTS-RESPONDENTS.

---

WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA, LLP, SYRACUSE (HEATHER K. ZIMMERMAN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Walter W. Hafner, Jr., A.J.), entered January 8, 2016. The order
denied the motion of plaintiff to vacate the order dismissing the
complaints.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, plaintiff's motion is
granted, the order entered September 22, 2015 is vacated, and the
complaints against defendants-respondents are reinstated.

Memorandum: Plaintiff commenced this consolidated personal
injury action in May 2013 seeking damages for injuries that she
sustained in a motor vehicle accident, while she was a passenger in a
rental vehicle operated by defendant Keith N. Byrd and leased by
defendant Alphonso Bradshaw. Supreme Court granted defendants'
unopposed motion to dismiss the complaints on the ground that
plaintiff failed to comply with an order directing her to submit to a
medical examination conducted by defendants' expert, and plaintiff
appeals from an order denying her motion to vacate the order of
dismissal.

Plaintiff was deposed in March 2014, and, upon her failure to
appear for an independent medical examination (IME) in July 2014,
defendants moved to compel her to submit to an IME. In December 2014,
the parties tentatively agreed to settle the action, which would
render an IME unnecessary, and defendants withdrew their motion.
Thereafter, plaintiff's counsel attempted to obtain consent from
plaintiff's supplemental uninsured motorist (SUM) carrier to resolve
the claim. The SUM carrier, however, mistakenly asserted that its
consent was not required because plaintiff was not entitled to seek
SUM coverage for the accident inasmuch as the full amounts of the

underlying policies had not been tendered.  As a result, progress toward a settlement was temporarily halted.

On May 14, 2015, defendants brought another motion seeking to compel plaintiff to submit to an IME.  In response, plaintiff's counsel sought an adjournment so that the SUM coverage dispute could be resolved and the case could be settled.  In June 2015, the parties met with Supreme Court to discuss the SUM coverage issue, and once again the parties tentatively agreed to settle the case.

Shortly thereafter, at defendants' request, the court placed the motion to compel plaintiff to submit to an IME back on its calendar for July 16, 2015.  By letter, the court advised the parties that, "[i]f no appearance is made, the Court will <u>order</u> the IME for August 10, 2015," and that "[n]o requests for adjournments will be considered."  On July 16, 2015, the court granted defendants' motion without opposition from plaintiff, and the IME was ordered to take place at 12:30 p.m. on August 10, 2015.  Although plaintiff appeared on that date for her IME, she was 15 minutes late and was turned away by the IME physician's receptionist.

On August 19, 2015, defendants moved to dismiss the complaints on the ground that plaintiff failed to comply with the order directing plaintiff to appear for the IME.  Later that same afternoon, plaintiff's counsel contacted defendants' counsel and left a voicemail message requesting that the IME be rescheduled and the motion withdrawn, but that phone call went unreturned.  After he called defendants' counsel, plaintiff's counsel mistakenly believed that defendants' motion would be withdrawn or adjourned, and so plaintiff's counsel failed to enter defendants' motion into his calendar, did not submit any responding papers, and did not appear for argument on the motion.  The court granted defendants' unopposed motion and, on September 22, 2015, the court entered an order dismissing the complaint.

Plaintiff subsequently filed the present motion seeking, inter alia, to vacate the September 22, 2015 order pursuant to CPLR 5015 (a) (1).  The court denied the motion, stating that plaintiff failed to "establish her default was excusable," and that defendants "established [plaintiff's] persistent neglect in the prosecution of this matter."  The court further found that plaintiff "misrepresented the status of the SUM issue, causing further delays," and that plaintiff's "repeated failures to appear for an IME and the misrepresentations regarding the SUM issue constitute[] a pattern of willful default or neglect that should not be excused by the court."

We agree with plaintiff that the court erred in denying her motion to vacate the order of dismissal.  "In determining whether to vacate an order entered on default, 'the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits' " (*Calaci v Allied Interstate, Inc.*, 108 AD3d 1127, 1128).  "It is well established that law office failure may be

excused, in the court's discretion, when deciding a motion to vacate a default order" (*id.*).

Here, plaintiff's default in responding to the motion to dismiss was due to law office failure. Upon learning of the default, plaintiff immediately sought to vacate the order, thereby establishing both a minimal delay and her continued intent to pursue the action. Further, the record establishes that plaintiff did in fact appear for an IME pursuant to the July 16, 2015 order, albeit late, thereby undermining any claim that plaintiff's conduct could be construed as "repeated failures to appear for an IME." Likewise, in light of the SUM carrier's ultimate concession that its assessment of the law was incorrect and that plaintiff was entitled to seek SUM coverage, plaintiff made no misrepresentations regarding the issues related to SUM coverage that could constitute a pattern of willful default or neglect. Moreover, on this record, we can discern no prejudice to defendants from plaintiff's failure to appear for the scheduled IME, inasmuch as the IME likely was unnecessary because of the pending settlement. Thus, in light of the " 'strong public policy in favor of resolving cases on the merits' " (*Lauer v City of Buffalo*, 53 AD3d 213, 217; *see Matter of County of Livingston [Mort]*, 101 AD3d 1755, 1756, *lv denied* 20 NY3d 862), we conclude that dismissal of the complaints was not warranted (*see generally Calaci*, 108 AD3d at 1128-1129; *Gokey v DeCicco*, 24 AD3d 860, 861-862).

Entered:  March 31, 2017                          Frances E. Cafarell
                                                  Clerk of the Court