■ In the Matter of the Arbitration between LIBERTY MUTUAL INSURANCE COMPANY, Appellant, and MIA KADAH, Respondent. (Appeal No. 1.) [56 NYS3d 699]—

Appeal from an order of the Supreme Court, Onondaga County (Walter W. Hafner, Jr., A.J.), entered January 8, 2016. The order denied the petition for a stay of arbitration.

It is hereby ordered that the order so appealed from is unanimously modified on the law by reinstating the petition insofar as it seeks a temporary stay of arbitration, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this dispute over supplemental uninsured motorist (SUM) coverage, petitioner filed a petition seeking a permanent stay of arbitration on the ground that it had no responsibility to provide SUM coverage because the underlying insurance policies had not been exhausted. In the alternative, petitioner sought a temporary stay of arbitration to allow for discovery. Respondent opposed the petition. Supreme Court determined that petitioner failed to establish any ground for a stay of arbitration and therefore denied the petition. The court did not explicitly address petitioner's alternative request for a temporary stay. Thereafter, petitioner moved for leave to renew and/or reargue its petition.

In appeal No. 1, petitioner appeals from the order denying its petition for a stay of arbitration. In appeal No. 2, petitioner appeals from an order denying its motion for leave to renew and/or reargue its petition.

In light of this Court's recent decision in *Kadah v Byrd* (148 AD3d 1811, 1812-1814 [2017]), the ground for that part of petitioner's motion seeking leave to renew no longer exists, and thus the corresponding part of appeal No. 2 is dismissed on the ground of mootness (*see generally Matter of Curry v Vertex Res-*

*toration Corp.*, 252 AD2d 360, 360 [1998]). Furthermore, no appeal lies from an order denying a motion seeking leave to reargue, and thus that part of petitioner's appeal must also be dismissed (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]). Appeal No. 2 is therefore dismissed in its entirety.

We agree with the court that petitioner is not entitled to a permanent stay of arbitration. It is unclear from the court's decision, however, whether it considered and denied petitioner's alternative request for a temporary stay of arbitration pursuant to the subject policy's conditions precedent to arbitration, or whether it left the request for a temporary stay pending and undecided. According to petitioner, it is entitled to the fulfillment of the conditions precedent, including respondent's submission to an IME and the disclosure of medical records. We note that at oral argument, respondent's counsel was amenable to conducting some discovery prior to arbitration. We therefore modify the order by reinstating the petition insofar as it seeks a temporary stay of arbitration, and we remit the matter to Supreme Court for a determination whether petitioner is entitled to a temporary stay based on the conditions precedent. Present—Whalen, P.J., Lindley, DeJoseph, NeMoyer and Curran, JJ.