Little v Steelcase, Inc. (2022 NY Slip Op 03607)

Little v Steelcase, Inc.

2022 NY Slip Op 03607

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

253 CA 20-01382

[*1]DEBORAH A. LITTLE, PLAINTIFF-APPELLANT,
v
STEELCASE, INC., DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 

PAUL WILLIAM BELTZ, P.C., BUFFALO (PHILIPP L. RIMMLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HAWORTH BARBER & GERSTMAN, LLC, NEW YORK CITY (TARA C. FAPPIANO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered September 25, 2020. The order, among other things, granted the motion of defendant Steelcase, Inc. insofar as it sought summary judgment and dismissed plaintiff's amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this products liability action in May 2009 seeking damages for injuries she sustained when the chair she was sitting on collapsed. Although the parties engaged in some discovery, the case languished for many years. In early 2018, Steelcase, Inc. (defendant) served supplemental demands for authorization to obtain plaintiff's medical records. Plaintiff provided authorizations, but limited their scope to records relating to the treatment of her back and neck, even though she alleged other physical ailments in her interrogatories. In February 2019, defendant moved pursuant to CPLR 3126 to strike the amended complaint based on plaintiff's failure to comply with discovery demands. In the alternative, defendant sought an order compelling plaintiff to comply with outstanding discovery, with the failure to do so resulting in a self-executing order of preclusion. At oral argument of the motion in October 2019, Supreme Court indicated that it would grant defendant's alternative request for relief, and plaintiff's counsel agreed to prepare an order in accordance with the court's decision.
On March 6, 2020, plaintiff provided authorizations for several of her treatment providers, but the authorizations contained limitations and restrictions. On March 10, 2020, the court issued an order (March 2020 order) granting defendant's motion and directing plaintiff to provide authorizations for her treatment providers, "without restrictions as to date or body parts, no later than April 10, 2020." The order further provided that plaintiff's failure to comply "shall result in a self-executing order of preclusion as to this outstanding discovery for all purposes in this litigation." At a court conference on July 1, 2020, defendant indicated that it would be making a motion pursuant to CPLR 3126 based on the defective authorizations. Plaintiff provided new authorizations on or about July 2, 2020.
In August 2020, defendant moved for an order pursuant to CPLR 3126 striking the amended complaint based on plaintiff's failure to comply with the March 2020 order and pursuant to CPLR 3212 granting summary judgment on the ground that plaintiff could not establish her claim for damages. In opposition, plaintiff's counsel explained that the person in his office who prepared the March 6 medical authorizations was not given instructions on how to prepare the documents and was not aware of the motion practice governing the scope of the authorizations or how to complete them in compliance with the proposed March 2020 order. He [*2]characterized the March 6 authorizations as a "mistake." He further averred that the July authorizations "correct[ed] the mistakes." Plaintiff argued that the motion should be denied because the deadline in the March 2020 order was tolled or stayed by Executive Order [A. Cuomo] 202.8 (9 NYCRR 8.202.8) (Executive Order 202.8) and Administrative Order 71/20, both issued in response to the COVID-19 pandemic. The court held that plaintiff failed to comply with the March 2020 order and, pursuant to the self-executing provision of preclusion, plaintiff was now precluded from offering any evidence regarding her damages and causation of such alleged damages. The court therefore granted that part of the motion pursuant to CPLR 3212 and dismissed the amended complaint. Plaintiff appeals, and we affirm.
The conditional order of preclusion was "self-executing and [plaintiff's] failure to produce [the requested] items on or before the date certain rendered it absolute" (Burton v Matteliano, 98 AD3d 1248, 1250 [4th Dept 2012] [internal quotation marks omitted]). Plaintiff did not cross-move for vacatur of the March 2020 order and, in any event, failed to establish both "a reasonable excuse for the failure to produce the requested items and . . . the existence of a meritorious claim" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; see Foster v Dealmaker, SLS, LLC, 63 AD3d 1640, 1641 [4th Dept 2009], lv denied 15 NY3d 702 [2010]; Koski v Ryder Truck, 244 AD2d 872, 872 [4th Dept 1997]). Because plaintiff is now precluded from offering evidence regarding damages and causation, the court properly granted that part of the motion seeking summary judgment dismissing the amended complaint (see Gibbs, 16 NY3d at 82; Foster, 63 AD3d at 1641).
Contrary to plaintiff's contention, neither Administrative Order 71/20 nor Executive Order 202.8 tolled the deadline imposed by the March 2020 order. On March 19, 2020, in response to the COVID-19 pandemic, Chief Administrative Judge Lawrence K. Marks issued Administrative Order 71/20, which provided with respect to civil discovery: "Where a party, attorney or other person is unable to meet discovery or other litigation schedules (including dispositive motion deadlines) for reasons related to the coronavirus health emergency, the parties shall use best efforts to postpone proceedings by agreement and stipulation for a period not to exceed 90 days. Absent such agreement, the proceedings shall be deferred until such later date when the court can review the matter and issue appropriate directives. In no event will participants in civil litigation be penalized if discovery compliance is delayed for reasons related to the coronavirus public health emergency." Here, plaintiff failed to establish that her noncompliance with the deadline set forth in the March 2020 order was for reasons related to the COVID-19 pandemic. Rather, plaintiff's opposition to the motion showed that the failure to comply was due to law office failure unrelated to the pandemic.
We further conclude that Executive Order 202.8 is inapplicable here. On March 20, 2020, Governor Cuomo issued that order which provided, in relevant part, that "In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state . . . or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020." The tolling period was extended several times by subsequent executive orders. We conclude that responding to a discovery demand by the deadline set forth in the March 2020 order does not constitute the "filing" or "service" of a "proceeding." It is apparent that Executive Order 202.8 tolls statutes of limitations but not deadlines set forth in discovery orders (see Siegel & Connors, NY Prac § 353 [Cumulative Supplement] [6th ed 2018]). The tolling of discovery is "the aim of" Administrative Order 71/20 (id.), as set forth above.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court