Stonewell Bodies & Mach., Inc. v All Area Fire & Rescue Apparatus Sales, LLC (2023 NY Slip Op 00564)

Stonewell Bodies & Mach., Inc. v All Area Fire & Rescue Apparatus Sales, LLC

2023 NY Slip Op 00564

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

848 CA 21-01254

[*1]STONEWELL BODIES & MACHINE, INC., PLAINTIFF-RESPONDENT,
v
ALL AREA FIRE & RESCUE APPARATUS SALES, LLC, DEFENDANT-APPELLANT. 

JAMES F. MISIANO, P.C., BRENTWOOD (JAMES F. MISIANO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE CROSSMORE LAW OFFICE, ITHACA (MARISSA A. JOHNSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered August 4, 2021. The order denied the motion of defendant to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff and defendant entered into an agreement relating to the manufacture and purchase of three emergency service vehicles. Plaintiff commenced this action seeking damages for, inter alia, defendant's alleged breach of the agreement. Defendant failed to appear in the action and a default judgment was entered against it. Defendant moved to vacate the default judgment and now appeals from an order that denied its motion. We affirm.
We conclude that Supreme Court did not abuse its discretion in denying defendant's motion. To establish an excusable default under CPLR 2005 and 5015 (a) (1), defendant was required to establish a reasonable excuse for the default as well as a meritorious defense to the action (see Butchello v Terhaar, 176 AD3d 1579, 1580 [4th Dept 2019]; Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [4th Dept 2017]). "In determining whether to vacate an order entered on default, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Calaci v Allied Interstate, Inc., 108 AD3d 1127, 1128 [4th Dept 2013] [internal quotation marks omitted]). The decision to grant or deny a motion to vacate a default judgment lies within the sound discretion of the court (see Vogt v Eberhardt, 163 AD3d 1514, 1515 [4th Dept 2018], lv dismissed 32 NY3d 1091 [2018]).
Here, defendant asserted on the motion to vacate the default that the failure to appear in the action was due to law office failure. "[W]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786 [2d Dept 2021]). In support of its motion, defendant submitted the affirmation of its attorney who stated that an answer was not filed due to hardships related to the COVID-19 pandemic and in light of Executive Order [A. Cuomo] 202.8 (9 NYCRR 8.202.8) (Executive Order 202.8), issued in response to the pandemic, which affected court filings and in-person workforce. However, even assuming arguendo that Executive Order 202.8 tolled a defendant's time to answer (cf. generally Matter of Maziarz v Western Regional Off-Track Betting Corp., 207 AD3d 1065, 1065-1066 [4th Dept 2022]; Little v Steelcase, Inc., 206 AD3d 1597, 1599-1600 [4th Dept 2022]), it has no relevance to the delay here because it was not issued [*2]until after the deadline for appearing in the action had passed. Further, defendant's attorney submitted only vague claims that hardships related to the pandemic resulted in defendant's not being able to appear in the action before the deadline (see generally Brehm v Patton, 55 AD3d 1362, 1363 [4th Dept 2008]). We thus conclude that defendant presented insufficient evidence of the events surrounding the default and failed to establish a reasonable excuse for the default based on law office failure (see generally id.).
In light of that conclusion, we need not consider whether defendant established a potentially meritorious defense (see City of Utica v Mallette, 200 AD3d 1614, 1616-1617 [4th Dept 2021]; Butchello, 176 AD3d at 1581). We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court