April I.O. v Taylor
2026 NY Slip Op 02741
May 1, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

APRIL I.O., AND M.H., AN INFANT BY HIS MOTHER AND NATURAL GUARDIAN, APRIL I.O., AND APRIL I.O., PLAINTIFFS-APPELLANTS,
v
MICHAEL A. TAYLOR, DEFENDANT-RESPONDENT, ET AL., DEFENDANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on May 1, 2026
127 CA 25-00109
Present: Whalen, P.J., Lindley, Ogden, Greenwood, And Hannah, JJ.

HARMON, LINDER & ROGOWSKY, ESQS., NEW YORK CITY (MITCHELL DRANOW OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BURGIO, CURVIN & BANKER, BUFFALO (NICHOLAS MICHAEL ROSSI OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Yates County (Jason L. Cook, J.), entered December 11, 2024. The order denied the motion of plaintiffs to vacate an order granting the motion of defendant Michael A. Taylor for summary judgment.
[*1]
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, plaintiffs' motion is granted, the order entered September 24, 2024 is vacated insofar as it granted that part of the motion of defendant Michael A. Taylor seeking to dismiss the complaint against him, and the complaint against that defendant is reinstated.
Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when the motor vehicle in which they were passengers collided with a vehicle operated by Michael A. Taylor (defendant). Defendant moved for, inter alia, summary judgment dismissing the complaint and all cross-claims against him. Plaintiffs failed to submit timely opposition papers or appear for oral argument on the return date of the motion, and Supreme Court granted the motion insofar as it sought summary judgment dismissing the complaint and cross-claim. Approximately two weeks later, plaintiffs moved to vacate the order pursuant to CPLR 5015 (a) (1), and the court denied plaintiffs' motion. We agree with plaintiffs that the court abused its discretion in denying their motion to vacate.
On their CPLR 5015 (a) (1) motion to vacate their default in opposing defendant's motion, plaintiffs " 'were required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion' " (Fremming v Niedzialowski, 93 AD3d 1336, 1336 [4th Dept 2012]; see Gounder v Melrose Credit Union, 241 AD3d 882, 884 [2d Dept 2025]; see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). "[T]he determination of whether . . . to vacate a default . . . is generally left to the sound discretion of the court" (Peroni v Peroni, 189 AD3d 2058, 2060 [4th Dept 2020] [internal quotation marks omitted]; see Clearfund Solutions LLC v Tomassetti, 224 AD3d 1387, 1387 [4th Dept 2024]). In determining whether to vacate an order entered on default, "the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Moore v Day, 55 AD3d 803, 804 [2d Dept 2008]; see Calaci v Allied Interstate, Inc. [appeal No. 2], 108 AD3d 1127, 1128 [4th Dept 2013]).
Here, contrary to the conclusion of the court, plaintiffs proffered a reasonable excuse of law office failure for the brief delay in serving their opposition papers to defendant's motion (see [*2]CPLR 2005; Calaci, 108 AD3d at 1128-1129). Although plaintiffs' counsel admittedly failed to properly calendar the motion opposition date, counsel did attempt to seek defendant's consent for an adjournment prior to the return date of the motion, which plaintiffs' counsel apparently believed to be the due date for the opposition to defendant's motion. Further, plaintiffs' counsel submitted opposition papers on the return date, albeit after business hours, upon the mistaken belief that the motion was to be taken on submission. There is no evidence of a willful default and the negligible delay cannot be said to have prejudiced defendant (see Calaci, 108 AD3d at 1128-1129; Moore, 55 AD3d at 805).
We further conclude that plaintiffs established a meritorious opposition sufficient for the purpose of this motion (see Moore, 55 AD3d at 804-805). Although "[a] driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way," the driver with the right-of-way nonetheless "has a duty to use reasonable care to avoid a collision" (Penda v Duvall, 141 AD3d 1156, 1157 [4th Dept 2016] [internal quotation marks omitted]). Here, although there is no dispute that defendant had the right-of-way at the time of the accident, there are issues of fact whether defendant's speed was reasonable under the circumstances, including defendant's knowledge that his view of the intersection where the accident occurred was limited by the terrain (see Gates v Simpson [appeal No. 2], 240 AD3d 1204, 1205-1206 [4th Dept 2025]; Brooks v Davis, 185 AD3d 1392, 1393 [4th Dept 2020]).
Under the circumstances of this case, including the expediently filed motion to vacate, and in light of the public policy favoring the resolution of cases on the merits, we conclude that the court abused its discretion in denying plaintiffs' motion (see Moore, 55 AD3d at 805). We therefore reverse the order, grant plaintiffs' motion, vacate the order entered September 24, 2024 insofar as it granted that part of defendant's motion seeking to dismiss the complaint against him, and reinstate the complaint against him.
All concur except Ogden and Greenwood, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent and would affirm the order inasmuch as we conclude that Supreme Court did not abuse its discretion in denying plaintiffs' motion to vacate an order granting the motion of Michael A. Taylor (defendant), insofar as it sought summary judgment dismissing the complaint and all cross-claims against him, upon plaintiffs' failure to submit timely opposition papers or appear for oral argument on the return date of the motion. Although we agree with the majority's recitation of the law governing the CPLR 5015 (a) (1) motion to vacate, in our view, the court did not err in determining that plaintiffs failed to establish a reasonable excuse for the default (see Fremming v Niedzialowski, 93 AD3d 1336, 1336 [4th Dept 2012]; see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]).
In their motion, plaintiffs set forth law office failure as the reason for the default (see CPLR 2005). " '[W]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse' " (Stonewell Bodies & Mach., Inc. v All Area Fire & Rescue Apparatus Sales, LLC, 213 AD3d 1237, 1238 [4th Dept 2023]; see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 952 [2d Dept 2022]). A claim of law office failure must be supported by a detailed and credible explanation of the default; conclusory and unsubstantiated allegations of law office failure are insufficient (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876 [2d Dept 2022]; Brehm v Patton, 55 AD3d 1362, 1363 [4th Dept 2008]).
Plaintiffs' counsel asserted that they believed that defendant's motion was on submission, but, as the court noted, that would not explain their failure to submit timely opposition papers. To the extent that plaintiffs' counsel had a new explanation for the default during oral argument of their motion, i.e., "a breakdown of communication between . . . three separate aspects of our office," that again addressed only the failure to appear at oral argument of defendant's motion, not the failure to submit timely opposing papers. In any event, the reason constituted only a "vague claim[ ]" and insufficient evidence of the events leading to the default and therefore does not establish a reasonable excuse (Stonewell Bodies & Mach., Inc., 213 AD3d at 1239; see Brehm, 55 AD3d at 1363).
Entered: May 1, 2026
Ann Dillon Flynn
Clerk of the Court