■ FRANCES HAUSER et al., Appellants, v NASSAU COUNTRY CLUB, INC., Defendant and Third-Party Plaintiff-Respondent. S. C. JOHNSON Co., Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Meade, J.), dated March 14, 1985, which granted the third-party defendant's motion to dismiss the complaint, upon the plaintiffs' default, and (2) an order of the same court, entered October 7, 1985, which denied the plaintiffs' motion to vacate their default, incorrectly labeled as a motion for leave to reargue.

Ordered that the appeal from the order dated March 14, 1985, is dismissed, as no appeal lies from an order entered on the default of the appellant *(see,* CPLR 5511); and it is further,

Ordered that the order entered October 7, 1985, is affirmed; and it is further,

Ordered that the third-party defendant is awarded one bill of costs.

On their mislabeled motion before Special Term, the plaintiffs did not specify any acts or omissions of the defendant on which liability could be imposed, nor did they address the issue of the injured plaintiff's culpable conduct as a possible cause of the underlying 1972 accident. In addition, the plaintiffs failed to adequately justify their default in responding to the third-party defendant's motion to dismiss pursuant to CPLR 3216, and did not address their failure to file a note of issue, the ground upon which that motion was premised *(see,*

CPLR 3216 [b], [e]; 5015 [a] [1]). Special Term effectively treated the plaintiffs' motion as one to vacate the plaintiffs' default and properly denied it. Mollen, P. J., Brown, Weinstein, Eiber and Harwood, JJ., concur.