■ CLEMENTINE HIGH, Appellant, v DEBRA A. COLETTI, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered June 24, 1987, which granted, upon default, the defendant's motion pursuant to CPLR 3042 (c) to preclude her from offering evidence for failure to serve a bill of particulars and thereupon dismissed the complaint.

Ordered that the appeal is dismissed, with costs.

No appeal lies from an order made upon the default of the aggrieved party (CPLR 5511). The proper procedure would have been for the plaintiff to move to open her default and to vacate the order entered June 24, 1987, and if necessary, appeal from the denial of the motion to vacate *(see, Grober v Busigo,* 133 AD2d 389; *Imor v Imor,* 114 AD2d 552; *Calvagno v Nationwide Mut. Fire Ins. Co.,* 110 AD2d 741).

On appeal, the plaintiff seeks review of an order which granted her motion "for leave to reargue" the motion to preclude, and thereupon adhered to the original determination. No notice of appeal from that order has been included in the record. Since no appeal lies from the order entered June 24, 1987, the plaintiff may not have review of the subsequent order pursuant to CPLR 5517 (b). However, even if we were to have considered the merits of the order made on reargument, we would have affirmed because no affidavit of merit or its equivalent was submitted with the plaintiff's motion papers *(see, Hauser v Nassau Country Club,* 130 AD2d 545; *see also, Onorio v Miller,* 143 AD2d 80; *Oversby v Linde Div.,* 121 AD2d 373; *cf., Salch v Paratore,* 60 NY2d 851, *rearg denied* 61 NY2d 759). Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.