■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN AGUIRRE, Appellant. [849 NYS2d 540]—Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered on or about May 12, 2006, which denied defendant's motion to be resentenced pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643), unanimously affirmed.

In view of defendant's multiple felony drug convictions, his history of absconding and violating parole, and that the lesser charge to which defendant pleaded guilty entailed the possession of a significant amount of cocaine, the court properly exercised its discretion in concluding that substantial justice would dictate the denial of his application for resentencing (*see People v Gonzalez*, 29 AD3d 400 [2006], *lv denied* 7 NY3d 867 [2006]). Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.

■ MAJID SLIMANI et al., Plaintiffs, v CITIBANK, N.A., Defendant and Third-Party Plaintiff-Respondent. XAVIER DELAGRANGE, Third-Party Defendant-Appellant. [849 NYS2d 541]—Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered February 13, 2007, awarding third-party plaintiff the principal sum of $10,000, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 9, 2007, which granted third-party plaintiff's motion for default judgment and denied third-party defendant's cross motion to vacate the default, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The judgment was based on a prior settlement that had resolved issues of unjust enrichment and implied indemnity (*see McDermott v City of New York*, 50 NY2d 211, 217 [1980]). While third-party defendant contends that this was error, we need not reach this issue as third-party defendant was unable to demonstrate a reasonable excuse for his multiple and acknowledged defaults (*Hyundai Corp. v Republic of Iraq*, 20 AD3d 56, 62 [2005], *appeal dismissed* 5 NY3d 783 [2005]). Mere denial of service would not rebut the presumption of proper service created by a properly executed affidavit of service (*De La Barrera v Handler*, 290 AD2d 476, 477 [2002]; *Fairmount Funding v Stefansky*, 235 AD2d 213 [1997]). Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.