■ WELLS FARGO BANK, N.A., Appellant, v ELORA STEWART, Respondent, et al., Defendants. [45 NYS3d 207]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated September 8, 2015, which denied its motion for a judgment of foreclosure and sale and to appoint a referee to conduct a sale of the subject premises, and granted those branches of the cross motion of the defendant Elora Stewart which were pursuant to CPLR 5015 (a) (1) to vacate an order of reference of the same court dated May 21, 2014, entered upon her failure to answer the complaint, and for leave to serve a late answer.

Ordered that the order dated September 8, 2015, is reversed, on the law, with costs, the plaintiff's motion for a judgment of foreclosure and sale and to appoint a referee to conduct a sale of the subject premises is granted, and those branches of the cross motion of the defendant Elora Stewart which were pursuant to CPLR 5015 (a) (1) to vacate an order of reference of the same court dated May 21, 2014, entered upon her failure to answer the complaint, and for leave to serve a late answer are denied.

On April 20, 2001, the defendants Elora Stewart and Brian

A. Jones obtained a loan in the amount of $248,966 from CTX Mortgage Company, Inc. In return, Stewart and Jones executed a note and gave a mortgage on certain real property. Stewart and Jones allegedly defaulted under the terms of the note by failing to make the payment due on November 1, 2007.

In July 2008, the plaintiff commenced this action to foreclose the mortgage against Stewart and others. Upon the defendants' failure to answer the complaint, the plaintiff obtained an order of reference dated June 30, 2010. Subsequently, in November 2013, the plaintiff moved to vacate the order of reference and for a new order of reference. During the pendency of that motion, an attorney associated with Grow Brooklyn, Inc., filed a notice of appearance on behalf of Stewart and obtained an adjournment of the plaintiff's motion on behalf of Stewart. However, on the return date of the motion, neither the attorney nor Stewart appeared to oppose the motion, and neither had filed papers opposing the motion. In an order dated May 21, 2014, the Supreme Court granted the plaintiff's motion, vacated the order of reference, and appointed a new referee to compute the amount due.

In a report dated August 3, 2014, the new referee set forth the amount due under the note and the mortgage. The plaintiff then moved for a judgment of foreclosure and sale upon the defendants' default in answering the complaint and to appoint a referee to conduct a sale of the subject premises. Stewart cross-moved, inter alia, pursuant to CPLR 5015 (a) (1) to vacate the new order of reference and for leave to serve a late answer. The Supreme Court denied the plaintiff's motion and granted those branches of Stewart's cross motion. The court stated in its order that Stewart had demonstrated a reasonable excuse for her default and a potentially meritorious defense. The plaintiff appeals. We reverse.

"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (*Citimortgage, Inc. v Stover*, 124 AD3d 575, 576 [2015]; *see US Bank, N.A. v Samuel*, 138 AD3d 1105, 1106 [2016]; *Gershman v Ahmad*, 131 AD3d 1104, 1105 [2015]). Here, Stewart failed to demonstrate a reasonable excuse for her default in answering the complaint. The absence of a reasonable excuse for the default renders it unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (*see US Bank, N.A. v Samuel*, 138 AD3d at 1107; *U.S. Bank N.A. v Ahmed*, 137 AD3d 1106, 1109 [2016]; *Citimortgage, Inc.*

v *Stover*, 124 AD3d at 576). Accordingly, the Supreme Court should have denied those branches of Stewart's cross motion which were pursuant to CPLR 5015 (a) (1) to vacate the new order of reference and for leave to serve a late answer.

For the same reasons, the plaintiff's motion for a judgment of foreclosure and sale and to appoint a referee to conduct a sale of the subject premises should have been granted. Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.