■ US BANK NATIONAL ASSOCIATION et al., Respondent, v GAUNTLET BROWN, Appellant, et al., Defendants. [46 NYS3d 107]—

Appeal from decision, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 30, 2014, deemed appeal from order (same court and Justice), entered December 12, 2014, which granted plaintiff's motion for an order appointing a referee to ascertain the amount due to it (*see* CPLR 5520 [c]), and so considered, said order unanimously affirmed, without costs.

The court correctly found that plaintiff took "proceedings for the entry of judgment within one year after the [defendant's] default" (*see* CPLR 3215 [c]). Plaintiff made its first application for an order of reference within the statutory time limitation. The fact that this application was denied because plaintiff attempted to withdraw it without prejudice is of no moment, since the statute merely requires that the party needs only to initiate proceedings, "and these proceedings manifest an intent not to abandon the case" (*Brown v Rosedale Nurseries*, 259 AD2d 256, 257 [1st Dept 1999], quoting 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.14). Plaintiff clearly and unequivocally indicated that it intended to continue the prosecution of this case at the time it made its motion for a reference. Such a timely application "even if unsuccessful" will not result in the dismissal of the complaint "as abandoned pursuant to CPLR 3215 (c)" (*Deutsche Bank Natl. Trust Co. v Pascarella*, 39 Misc 3d 1227[A], 2013 NY Slip Op 50777[U], *3 [Sup Ct, Suffolk County 2013]; *see also U.S. Bank N.A. v Poku*, 118 AD3d 980, 981 [2d Dept 2014]).

Since plaintiff has complied with CPLR 3215 (c), we need not address defendant's arguments that plaintiff failed to demonstrate a reasonable excuse for the alleged delay and that it has a meritorious cause of action.

Plaintiff also satisfied CPLR 3215 (f). "The record contain[s] absolutely no evidence to dispute . . . plaintiff's claim that . . . defendant . . . defaulted on the mortgage" (*First Nationwide Bank v Pretel*, 240 AD2d 629, 629 [2d Dept 1997]). Indeed, defendant admitted as much.

The court providently exercised its discretion (*see Carroll v Nostra Realty Corp.*, 54 AD3d 623 [1st Dept 2008], *lv dismissed* 12 NY3d 792 [2009]) by declining to vacate defendant's default and permit him to file a late answer.

It is axiomatic that "[a] party seeking to vacate a default must demonstrate both a reasonable excuse and the existence of a meritorious defense" (*Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [1st Dept 2007]). Defendant's contentions that it was reasonable for him not to have answered the complaint in autumn 2009 because he (1) believed the complaint was part of the loan modification process and (2) was unfamiliar with the legal system are not sufficient to demonstrate a reasonable excuse for his default.

Given that the summons clearly warned that defendant had to answer or risk losing the subject building, his belief that the complaint was part of a loan modification process was unreasonable (*see Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634-635 [2d Dept 2014]; *see also Kouzios v Dery*, 57 AD3d 949, 950 [2d Dept 2008] ["the Supreme Court providently exercised its discretion in rejecting the defendant's . . . claim that he assumed that he did not need to answer the complaint because of purported settlement negotiations"]). In his affidavit, defendant admits that the servicing company he contacted concerning a potential modification of the mortgage refused to give him a final modification and in fact, returned the partial payments he had made. He further admitted a second company he hired to help him "did not seem to do anything." To now claim that he was under the impression that a summons and complaint part of a modification process defies credibility.

Similarly, his excuse that he was unfamiliar with the legal system is insufficient (*see U.S. Bank N.A. v Slavinski*, 78 AD3d 1167 [2d Dept 2010]). "This is especially so in view of the fact that the summons which was served upon [defendant] . . . [warned him] . . . that [he] 'must respond by serving a copy of the answer' or risk the loss of [his] home" (*Chase Home Fin., LLC v Minott*, 115 AD3d at 634-635). Notably, the language of the summons in *Minott* is the same as the summons in this case.

In view of defendant's failure to demonstrate a reasonable excuse for his default, we need not determine whether he

demonstrated a potentially meritorious defense (*Bank of N.Y. Mellon v Izmirligil*, 88 AD3d 930, 931-932 [2d Dept 2011]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.

The decision and order of this Court entered herein on May 3, 2016 (139 AD3d 430 [2016]) is hereby recalled and vacated (*see* 2017 NY Slip Op 63270[U] [2017] [decided simultaneously herewith]).