# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**452**

**CA 16-00373**

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND SCUDDER, JJ.

---

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO
WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE,
FORMERLY KNOWN AS NORWEST BANK MINNESOTA, N.A.,
AS TRUSTEE FOR CERTIFICATE HOLDERS OF SACO1
SERIES, 1999-2, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BONNIE M. DYSINGER, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

GARY B. STORM, GLORIETA, NEW MEXICO, OF THE NEW MEXICO BAR, ADMITTED
PRO HAC VICE, FOR DEFENDANT-APPELLANT.

PARKER IBRAHIM & BERG LLC, NEW YORK CITY (SCOTT W. PARKER OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Mark
J. Grisanti, A.J.), dated November 4, 2015.  The order denied the
motion of defendant Bonnie M. Dysinger to vacate a default judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this residential foreclosure action, Bonnie M.
Dysinger (defendant) appeals from an order that denied her motion
pursuant to CPLR 5015 (a) (1) to vacate the default judgment of
foreclosure on the ground of excusable default.  We affirm.  A party
seeking to vacate an order or judgment on the ground of excusable
default must offer a reasonable excuse for its default and a
meritorious defense to the action (*see Wells Fargo Bank, NA v Besemer*,
131 AD3d 1047, 1049; *Calaci v Allied Interstate, Inc.* [appeal No. 2],
108 AD3d 1127, 1128).  With respect to the reasonable excuse prong,
the determination whether the moving party's excuse is reasonable lies
within the trial court's sound discretion (*see Wells Fargo Bank, NA*,
131 AD3d at 1049; *Abbott v Crown Mill Restoration Dev., LLC*, 109 AD3d
1097, 1099).  Although defendant averred that she previously had
received other documents from plaintiff and mistakenly believed that
the summons and complaint likewise required no response, the summons
contained language mandated by statute warning her that the failure to
serve an answer to the complaint may result in default judgment and
advising her to speak to an attorney (*see generally* RPAPL 1320).  We
thus conclude that defendant failed to proffer a reasonable excuse for
her default (*see U.S. Bank N.A. v Brown*, 147 AD3d 428, 429; *U.S. Bank*

*N.A. v Ahmed*, 137 AD3d 1106, 1109; *Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634-635), and we need not consider whether she established a potentially meritorious defense (*see Wells Fargo Bank, N.A. v Stewart*, 146 AD3d 921, 922-923; *Abbott*, 109 AD3d at 1100).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court