■ JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Respondent, v CHING J. LU, Also Known as CHING JUNG LU, Appellant, and 408 WEST 57TH OWNERS CORP., Respondent, et al., Defendant. [64 NYS3d 542]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about September 21, 2016, which, to the extent appealed from as limited by the briefs, denied defendant Ching J. Lu's motion, under CPLR 5015 (a), to vacate a default judgment, unanimously affirmed, without costs.

The trial court's determination that defendant failed to demonstrate a reasonable excuse for her default was within the court's sound discretion (*see Gecaj v Gjonaj Realty & Mgt. Corp.*, 149 AD3d 600, 602 [1st Dept 2017]). To the extent defendant denies service of the summons and complaint, her general denials are insufficient to rebut the presumption of service created by the detailed, validly executed affidavits of service (*see Slimani v Citibank, N.A.*, 47 AD3d 489 [1st Dept 2008]). Defendant's argument that she relied on assurance from defendant cooperative corporation (the co-op) that her property would be protected and that she need not answer the complaint, is unsupported by any proof and accordingly insufficient (*see Buro Happold Consulting Engrs., PC. v RMJM*, 107 AD3d 602 [1st Dept 2013]). Moreover, defendant, who acknowledged she did

not pay much attention to papers she received by mail, further fails to explain why the co-op would have so assured her. The record before us shows that defendant knew she had defaulted on a loan secured by the property, and that she had received multiple notices from plaintiff of her default, and of its intent to collect the debt, and to foreclose and sell the property at a public auction, if necessary. Under the circumstances, defendant fails to show how her reliance on any alleged assurances from the co-op could have been reasonable (*see Wells Fargo Bank, N.A. v Dysinger*, 149 AD3d 1551 [4th Dept 2017]; *Di Gangi v Schiffgens*, 90 AD2d 805 [2d Dept 1982]).

Given the lack of a reasonable excuse for her default, it is not necessary for us to consider whether defendant demonstrated the existence of a meritorious defense (*see Gecaj*, 149 AD3d at 607). Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.