Nationstar Mtge. LLC v Fersaci (2018 NY Slip Op 07897)





Nationstar Mtge. LLC v Fersaci


2018 NY Slip Op 07897


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1142 CA 18-00353

[*1]NATIONSTAR MORTGAGE LLC, FORMERLY KNOWN AS CENTEX HOME EQUITY, PLAINTIFF-RESPONDENT,
v
STEPHEN M. FERSACI, CELESTE A. FERSACI, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 2.) 






LAW OFFICE OF MAURICE J. VERRILLO, P.C., ROCHESTER (LUCY A. BRADO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
FRIEDMAN VARTOLO LLP, NEW YORK CITY (ORAN SCHWAGER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered April 24, 2017. The order, among other things, denied the motion of defendant Stephen M. Fersaci to vacate the default judgment. 
It is hereby ORDERED that said appeal insofar as taken by defendant Celeste A. Fersaci is unanimously dismissed and the order is affirmed without costs.
Memorandum: Defendants Stephen M. Fersaci and Celeste A. Fersaci appeal from an order denying a motion to vacate a default judgment (see CPLR 5015 [a] [1]). Initially, we note that only Stephen Fersaci (defendant) moved to vacate the default judgment. Inasmuch as Celeste Fersaci did not move to vacate the default judgment, she is not an aggrieved party, and thus the appeal to the extent that it was taken by her must be dismissed (see Edgar S. v Roman, 115 AD3d 931, 932 [2d Dept 2014]). Defendant contends that Supreme Court erred in denying the motion because he offered a reasonable excuse for the default. We reject that contention. "A party seeking to vacate an order or judgment on the ground of excusable default must offer a reasonable excuse for its default and a meritorious defense to the action" (Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [4th Dept 2017]). Defendant failed to offer a meritorious defense, and thus we need not consider whether he offered a reasonable excuse (cf. id.). Defendant's remaining contentions are raised for the first time on appeal and thus are not properly before us (see Ciesinski v Town of
Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court