Yellowbook, Inc. v Hedge (2020 NY Slip Op 03045)





Yellowbook, Inc. v Hedge


2020 NY Slip Op 03045


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-00186
 (Index No. 601530/11)

[*1]Yellowbook, Inc., etc., appellant,
v
Ian Hedge, etc., respondent.


Smith Carroad Levy Wan & Parikh, P.C., Commack, NY (Christine Medlock of counsel), for appellant.
Graham & Borgese, LLP, Buffalo, NY (Elizabeth C. Dolata of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 13, 2018. The order, after a hearing, granted the defendant's motion pursuant to CPLR 5015(a)(4) to vacate a judgment of the same court dated March 9, 2012, entered upon his default in appearing or answering the complaint, to dismiss the complaint for lack of personal jurisdiction, and to direct that certain funds seized in satisfaction of the judgment be returned to the defendant.
ORDERED that the order is affirmed, with costs.
In 2011, the plaintiff commenced the instant action to recover damages for breach of contract. Upon the defendant's failure to timely appear or answer the complaint, a judgment dated March 9, 2012, was entered in favor of the plaintiff and against the defendant in the principal sum of $7,878.50 (hereinafter the default judgment). In 2018, the default judgment was satisfied when a sheriff seized funds belonging to the defendant. Thereafter, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the default judgment, to dismiss the complaint for lack of personal jurisdiction, and to direct that the funds seized in satisfaction of the default judgment be returned to the defendant. After a framed-issue hearing, the Supreme Court determined that service of the complaint upon the defendant was improper and granted the defendant's motion.
We agree with the Supreme Court's determination to grant the defendant's motion. "Where, as here, a defendant moves to vacate a default judgment on the ground that the court that rendered the judgment lacked personal jurisdiction over the defendant, a finding in favor of the defendant would mean that the judgment was a nullity'" (Cach, LLC v Ryan, 158 AD3d 1193, 1193 [citation omitted], quoting Royal Zenith Corp. v Continental Ins. Co., 63 NY2d 975, 977). "It necessarily follows that, if a judgment is a nullity, it never legally existed so as to become extinguished by payment" (Cach, LLC v Ryan, 158 AD3d at 1193-1194 [internal quotation marks omitted]).
The plaintiff's contention that the defendant was required to commence a plenary [*2]action is without merit (see CPLR 5015[a][4]; Cach, LLC v Ryan, 158 AD3d at 1193-1194).
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court