LaSalle Bank, NA v Bernard (2020 NY Slip Op 03506)





LaSalle Bank, NA v Bernard


2020 NY Slip Op 03506


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-06643
 (Index No. 806/09)

[*1]LaSalle Bank, NA, etc., respondent,
v
Simone Bernard, appellant, et al., defendants.


Henry Kohn, Brooklyn, NY, for appellant.
Sandelands Eyet LLP, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Simone Bernard appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated January 18, 2018. The order, insofar as appealed from, denied those branches of that defendant's cross motion which were to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and to compel the plaintiff to accept an untimely answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2009, the plaintiff commenced this action against, among others, the defendant Simone Bernard (hereinafter the defendant) to foreclose a mortgage encumbering certain real property in Brooklyn. While, according to an affidavit of service, the defendant was served shortly after the commencement of the action, the defendant did not interpose an answer. The parties do not dispute that the action was marked disposed in November 2013. The defendant's counsel filed a notice of appearance dated January 15, 2015. In an order dated November 5, 2015, the Supreme Court granted the plaintiff's motion to restore the action to the court's active calendar. On March 21, 2016, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. In January 2017, the defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and pursuant to CPLR 3012(d) to compel the plaintiff to accept her untimely answer. The court, inter alia, denied the defendant's cross motion. The defendant appeals.
While the Supreme Court concluded that the defendant's filing of a notice of appearance waived the defendant's jurisdictional objection (see JP Morgan Chase Bank, N.A. v Jacobowitz, 176 AD3d 1191, 1192; American Home Mtge. Servicing, Inc. v Arklis,150 AD3d 1180), we need not decide this appeal on that basis. The record reflects that the defendant did not oppose the plaintiff's motion to restore the action, and, after that motion was granted in November 2015, did not move to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction until some 14 months later, in January 2017. Under these circumstances, even if the defendant's jurisdictional argument had not previously been waived by the filing of the notice of appearance, the defendant's subsequent inaction waived any claim that the court lacked personal jurisdiction over her in this action (see Mid-Island Mtge. Corp. v Johnson, 175 AD3d 490, 491; Deutsche Bank Natl. [*2]Trust Co. v Vu, 167 AD3d 844, 846).
A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 2004, 3012[d]; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893; Bank of Am., N.A. v Welga, 157 AD3d 753, 754). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Bank of Am., N.A. v Welga, 157 AD3d at 754 [internal quotation marks omitted]). Here, the defendant failed to establish a reasonable excuse for her default since she admittedly had knowledge of the instant action as early as January 2015, and offered no excuse for her 14-month delay in moving to compel the plaintiff to accept an untimely answer after the action was restored to the Supreme Court's active calendar in November 2015 (see e.g. JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049). Since the defendant failed to demonstrate a reasonable excuse for her default, it is not necessary to determine whether she demonstrated a potentially meritorious defense (see Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d at 891; US Bank N.A. v Dedomenico, 162 AD3d 962, 964).
Accordingly, we agree with the Supreme Court's determination to deny those branches of the defendant's cross motion which were to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and to compel the plaintiff to accept an untimely answer.
SCHEINKMAN, P.J., COHEN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court