City of Utica v Mallette (2021 NY Slip Op 07369)





City of Utica v Mallette


2021 NY Slip Op 07369


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


852 CA 20-00864

[*1]CITY OF UTICA, PLAINTIFF-RESPONDENT,
v
MICHELLE MALLETTE, FORMERLY KNOWN AS MICHELLE BANNATYNE, DEFENDANT-APPELLANT. 






LAMB & BARNOSKY, MELVILLE (SCOTT M. KARSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (ARMOND J. FESTINE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered December 11, 2019. The order denied the motion of defendant to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In 2010, defendant's husband owned the Doyle Hardware Building, a landmark four-story building in plaintiff City of Utica (City). The City made loans to defendant's husband totaling $150,000 for the purpose of purchasing and installing an elevator in the building (project), which were secured by a mortgage on the building. Defendant signed a personal loan guarantee, in which she "unconditionally guarantee[d]" repayment of the loans should her husband default.
In August 2013, the City commenced this action alleging, in a single cause of action, that defendant's husband had defaulted on the loans and that defendant failed to remit payment under the personal guarantee, despite the City's "due demand." In May 2014, the City moved for a default judgment, noting that defendant, who then lived in Connecticut, had been properly served with the summons and complaint in October 2013, and that she never responded or answered the complaint. Consequently, Supreme Court entered a default judgment against defendant in July 2014. Thereafter, in October 2014, the City allegedly served defendant in Connecticut with an information subpoena, along with a copy of the default judgment. In 2019, defendant moved to vacate the default judgment, and she now appeals from an order denying that motion. We affirm.
Defendant contends that the court erred in denying her motion insofar as it sought to vacate the default judgment pursuant to CPLR 5015 (a) (4) because the court lacked personal jurisdiction over her (see generally Yellowbook, Inc. v Hedge, 183 AD3d 925, 926 [2d Dept 2020]). We reject that contention. It is well settled that a court may "exercise personal jurisdiction over a non-domiciliary [where] two requirements are satisfied: the action is permissible under the long-arm statute (CPLR 302) and the exercise of jurisdiction comports with due process" (Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019]; see LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214 [2000]). Under CPLR 302 (a), a court may exercise personal jurisdiction over any non-domiciliary who, inter alia, "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). The statute also requires, however, "an 'articulable nexus' or 'substantial relationship' " between the cause of action, or an element thereof, and defendant's alleged contacts with New York State (D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298 [2017]; see Zeidan v Scott's Dev. Co., 173 AD3d 1639, 1640 [4th Dept 2019]). With respect to due process, a non-domiciliary must have "certain minimum contacts with [New York] such that the [*2]maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " (International Shoe Co. v Washington, 326 US 310, 316 [1995]; see Goodyear Dunlop Tires Operations, S.A. v Brown, 564 US 915, 919 [2011]). That test is satisfied where a defendant "purposefully avails [himself or herself] of the privilege of conducting activities within the forum State" (LaMarca, 95 NY2d at 216 [internal quotation marks omitted]), thereby "invoking the benefits and protections of [New York's] laws" (Hanson v Denckla, 357 US 235, 253 [1958]).
Here, the court properly concluded that it had personal jurisdiction over defendant because the City's cause of action directly arose from her business transactions related to the project, including, but not limited to, her personal guarantee of the loans (see CPLR 302 [a] [1]). The evidence in the record establishes that defendant played far more than a minimal role in the project besides indemnifying the loans with a personal guarantee. Specifically, defendant was named, alongside her husband, as part of the project's two-person development team, and her qualifications for that role were extensively detailed in a request for financing brochure. Further, an affidavit from a member of the City's economic development department, who had personally met defendant, established that she was heavily involved in the project, had intimate knowledge of the project and its operations, and made frequent trips to the City for meetings to monitor the project's progress. Consequently, defendant's association with New York with respect to the project far exceeded "the negotiation and execution of the indemnity agreement" while in another state that the Court of Appeals previously concluded was insufficient to support long-arm jurisdiction under CPLR 302 (a) (1) (Ferrante Equip. Co. v Lasker-Goldman Corp., 26 NY2d 280, 284 [1970]).
For similar reasons, we conclude that the exercise of personal jurisdiction under CPLR 302 (a) (1) here also comported with federal due process (see LaMarca, 95 NY2d at 216; see generally International Shoe Co., 326 US at 316). Defendant's detailed personal involvement in multiple aspects of the project, as detailed above, amply demonstrated that she purposefully availed herself of the privilege of conducting business activities in New York, thereby invoking the benefits and privileges of the state's laws (see Hanson, 357 US at 253; LaMarca, 95 NY2d at 216). This is not one of the "rare" cases where "personal jurisdiction permitted under the long-arm statute may theoretically be prohibited under due process analysis" (D & R Global Selections, S.L., 29 NY3d at 299-300 [internal quotation marks omitted]; see Rushaid v Pictet & Cie, 28 NY3d 316, 330-331 [2016], rearg denied 28 NY3d 1161 [2017]).
We further conclude that the court properly denied defendant's motion insofar as it sought to vacate the default judgment pursuant to CPLR 5015 (a) (1). "[A] party seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a meritorious defense" (Peroni v Peroni, 189 AD3d 2058, 2060 [4th Dept 2020]; see Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 875 [2d Dept 2015]). The "determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Solorzano v Cucinelli Family, 1 AD3d 887, 887 [4th Dept 2003] [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [4th Dept 2017]). Here, we conclude that the court did not abuse its discretion in determining that defendant failed to establish a reasonable excuse for her default because defendant's stated lack of familiarity "with the legal system is insufficient" to demonstrate such a reasonable excuse (US Bank N.A. v Brown, 147 AD3d 428, 429 [1st Dept 2017]; see also Wells Fargo Bank, N.A., 149 AD3d at 1552; U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1109 [2d Dept 2016]). In light of that conclusion, we need not consider whether defendant established a potentially meritorious defense (see Wells Fargo Bank, N.A. v Stewart, 146 AD3d 921, 922-923 [2d Dept 2017]; Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1100 [4th Dept 2013]).
Finally, we conclude that the court did not abuse its discretion in denying defendant's motion insofar as it sought to vacate the default judgment pursuant to CPLR 5015 (a) (3) (see generally VanZandt v VanZandt, 88 AD3d 1232, 1233 [3d Dept 2011]). Here, defendant did not meet her "burden of establishing fraud, misrepresentation, or other misconduct on the part of [the City] sufficient to entitle [her] to vacatur of the judgment" (Abbott, 109 AD3d at 1100), because she "offered nothing more than broad, unsubstantiated allegations of fraud on the part of [the City]" (Bank of N.Y. v Stradford, 55 AD3d 765, 766 [2d Dept 2008] [internal quotation marks omitted]; see Matter of Jon Z. [Margaret Z.], 178 AD3d 1417, 1418 [4th Dept 2019]; Carlson v Dorsey, 161 AD3d 1317, 1320 [3d Dept 2018]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court