| **Smart Realty & Mgt. LLC v Celona** |
|---|
| 2025 NY Slip Op 34402(U) |
| November 18, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512849/2025 |
| Judge: Peter P. Sweeney |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73

Index No.: 512849/2025
Motion Date: 11-10-25
Mot. Seq. No.: 3

-------------------------------------------------------------------X

SMART REALTY AND MANAGEMENT LLC,

Plaintiff,

-against-

**DECISION/ORDER**

JOHN P. CELONA, a/k/a JOHN CELONA, a/k/a
DR. JOHN CELONA, DMD,

Defendant.

-------------------------------------------------------------------X

The following papers, which are e-filed with NYCEF as items 116-130, were read on this motion:

In this plenary action to recover rental arrears due under a commercial lease, the Plaintiff, SMART REALTY AND MANAGEMENT LLC, moves by Order to Show Cause for an Order pursuant to CPLR § 5015 vacating the Order, dated August 1, 2025, which granted Defendant's motion for renewal and re-argument on default; and if vacatur is granted, for an Order reinstating the Court's prior order dated July 10, 2025, which granted Plaintiff summary judgment.

**BACKGROUND:**

Plaintiff commenced this seeking to recover base rent and additional rent, plus attorneys' fees, costs, and disbursements, under a commercial lease and subsequent lease amendment made with Defendant JOHN P. CELONA. By order entered July 10, 2025, the Court granted Plaintiff's motion for summary judgment and directed Plaintiff to submit a judgment. On or about July 17, 2025, Defendant moved by Order to Show Cause seeking renewal and re-argument of the Summary Judgment Order. On July 30, 2025, both parties' counsel appeared before the Court. Counsel for Plaintiff advised the Court that no opposition had been submitted, citing a misunderstanding of the Order to Show Cause's directives regarding the submission deadline prior to the hearing. The Court granted Defendant's motion for renewal and re-argument on

default, and by Order dated August 1, 2025, vacated and set aside the order awarding plaintiff summary judgment. Plaintiff now moves pursuant to CPLR § 5015 to vacate the August 1, 2025, default Order and reinstate the Order granting Plaintiff summary judgment.

**DISCUSSION:**

Plaintiff contends that the default in opposing Defendant's motion for renewal and re-argument should be vacated pursuant to CPLR § 5015 because Plaintiff has demonstrated both a reasonable excuse for the default and a potentially meritorious opposition to the underlying motion. Plaintiff argues that its failure to file opposition prior to the return date was due to an honest "misunderstanding" of the Order to Show Cause's directives, which did not set forth a specific deadline for submissions prior to the hearing, and thus constituted excusable law office failure. Plaintiff further argues it has a meritorious opposition to the motion.

Defendant opposes the motion, primarily arguing that the Order of August 1, 2025, is now final and unassailable and constitutes the law of the case because Plaintiff failed to appeal the Order within 30 days of the filing of Notice of Entry. Defendant contends that the filing of the instant motion does not toll the time to appeal. Defendant further argues that Plaintiff has failed to meet the two-pronged requirement of CPLR § 5015(a)(1). Specifically, Defendant asserts that Plaintiff's claim of law office failure is not supported by a detailed and credible explanation of the default. Defendant highlights the clear and unambiguous language of the Order to Show Cause which required Plaintiff to "Show Cause" as rendering counsel's explanation "bizarre at best."

Contrary to Defendant's contention, Plaintiff's failure to timely appeal the order granting defendant's motion to renew and reargue does not preclude the plaintiff from moving to vacate the order. The order clearly states that the motion to renew and reargue was granted on default. No appeal lies from an order made upon the default of an aggrieved party (*see,* CPLR 5511; *High v. Coletti,* 143 A.D.2d 810, 533 N.Y.S.2d 122). The proper procedure was for the Plaintiff to move to open the default and to vacate the order, and, if necessary, to appeal from the denial of the motion to vacate (*see, High v. Coletti, supra*). The time limit for moving to vacate an order issued on default is one-year CPLR 5015(a). Plaintiff's motion was therefore timely.

To prevail on the motion to vacate the default, the Plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious defense (*see Hospital for Joint Diseases v. Dollar Rent A Car,* 25 A.D.3d 534, 806 N.Y.S.2d 437; *Fekete v. Camp Skwere,* 16 A.D.3d 544, 545, 792 N.Y.S.2d 127). The determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Santiago v. New York City Health & Hosps. Corp,* 10 A.D.3d 393, 394, 780 N.Y.S.2d 764; *Roussodimou v. Zafiriadis,* 238 A.D.2d 568, 569, 657 N.Y.S.2d 66).

Plaintiff's attorney asserts that her failure to file opposition papers was due to law office failure, particularly her misunderstanding of the Order to Show Cause's lack of a specific pre-hearing submission deadline. The plaintiff is basically stating that she was unaware that on the return date of the order to show cause, Plaintiff was obligated to submit written opposition to the motion. Although the court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), the court cannot in good conscience accept Plaintiff's proffered excuse as reasonable. An attorney's lack of familiarity with the legal system and basic rules of practice is insufficient to demonstrate such a reasonable excuse (see *US Bank N.A. v. Brown*, 147 A.D.3d 428, 429, 46 N.Y.S.3d 107; *Wells Fargo Bank, N.A.*, 149 A.D.3d at 1552, 52 N.Y.S.3d 788; *U.S. Bank N.A. v. Ahmed*, 137 A.D.3d 1106, 1109, 29 N.Y.S.3d 33; *City of Utica v. Mallette*, 200 A.D.3d 1614, 159 N.Y.S.3d 288, 291).

In light of the Plaintiff's failure to establish a reasonable excuse for the default, the Court need not consider whether the Plaintiff has established a potentially meritorious defense to Defendant's motion to renew and reargue (*see LaSalle Bank, NA v. Bernard,* 184 A.D.3d 816, 816, 126 N.Y.S.3d 492; *Bethpage Fed. Credit Union v. Grant,* 178 A.D.3d 997, 999, 115 N.Y.S.3d 410).

Based on the foregoing, it is hereby

ORDERED the motion is DENED.

This constitutes the decision and order of the Court.

Dated: November 18, 2025



**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

KINGS COUNTY CLERK
FILED
2025 NOV 19 A 11: 04

[* 4]