JPMorgan Chase Bank, N.A. v Toju Realty Corp. (2026 NY Slip Op 00881)

JPMorgan Chase Bank, N.A. v Toju Realty Corp.

2026 NY Slip Op 00881

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2024-00615 
2024-07529
 (Index No. 535945/22)

[*1]JPMorgan Chase Bank, National Association, respondent, 
vToju Realty Corporation, et al., defendants, 1495-99 East 46th Street Corp., defendant-appellant; Francisca Gbenebitse, nonparty-appellant.

McCarthy Fingar LLP, White Plains, NY (Robert H. Rosh of counsel), for defendant-appellant and nonparty-appellant.
Parker Ibrahim & Berg LLP, New York, NY (James P. Berg and Scott W. Parker of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant 1495-99 East 46th Street Corp. and nonparty Francisca Gbenebitse appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 11, 2023, and (2) an order of the same court dated February 9, 2024. The order dated October 11, 2023, insofar as appealed from, granted that branch of the motion of the defendant 1495-99 East 46th Street Corp. and nonparty Francisca Gbenebitse which was pursuant to CPLR 2201 to stay the action until the Surrogate's Court, Nassau County, appointed a personal representative to act on behalf of the estate of the deceased principal of the defendant Toju Realty Corporation only to the extent of staying the action until December 31, 2023, and, in effect, denied those branches of the motion which were to deem served the proposed answer of the defendant Toju Realty Corporation once a personal representative is appointed to act on behalf of the estate of the deceased principal of the defendant Toju Realty Corporation, and to compel the plaintiff to accept the untimely answer of the defendant 1495-99 East 46th Street Corp. The order dated February 9, 2024, insofar as appealed from, upon renewal, and upon, in effect, vacating so much of the order dated October 11, 2023, as granted that branch of the motion of the defendant 1495-99 East 46th Street Corp. and nonparty Francisca Gbenebitse which was pursuant to CPLR 2201 to stay the action until the Surrogate's Court, Nassau County, appointed a personal representative to act on behalf of the estate of the deceased principal of the defendant Toju Realty Corporation only to the extent of staying the action until December 31, 2023, granted that branch of the prior motion only to the extent of staying the action for 60 days after entry of the order.
ORDERED that the appeal from so much of the order dated October 11, 2023, as granted that branch of the motion of the defendant 1495-99 East 46th Street Corp. and nonparty Francisca Gbenebitse which was pursuant to CPLR 2201 to stay the action until the Surrogate's Court, Nassau County, appointed a personal representative to act on behalf of the estate of the deceased principal of the defendant Toju Realty Corporation only to the extent of staying the action until December 31, 2023, is dismissed as academic, as that portion of the order was, in effect, [*2]vacated by the order dated February 9, 2024, made upon renewal; and it is further,
ORDERED that the order dated October 11, 2023, is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, denying that branch of the motion of the defendant 1495-99 East 46th Street Corp. and nonparty Francisca Gbenebitse which was to deem served the proposed answer of the defendant Toju Realty Corporation once a personal representative is appointed to act on behalf of the estate of the deceased principal of the defendant Toju Realty Corporation, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated October 11, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated February 9, 2024, is reversed insofar as appealed from, on the law and in the exercise of discretion, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that the plaintiff is awarded one bill of costs payable by the defendant 1495-99 East 46th Street Corp.
In 2000, the defendant 1495-99 East 46th Street Corp. (hereinafter East 46th Street Corp.) conveyed certain real property to the defendant Toju Realty Corporation (hereinafter Toju). Toju executed a mortgage consolidation, modification, and extension agreement to secure a consolidated note in the sum of $1,217,000. In 2020, Toju allegedly conveyed the property back to East 46th Street Corp. and defaulted on the consolidated note in November 2020. Toju's principal (hereinafter the decedent) died on February 2, 2021. The decedent's wife, nonparty Francisca Gbenebitse, filed a petition for letters of administration in March 2022.
In December 2022, the plaintiff commenced this action against, among others, Toju and East 46th Street Corp., inter alia, for reformation of certain loan documents and foreclosure of the mortgage. In August 2023, East 46th Street Corp submitted an answer, which the plaintiff rejected as untimely. In September 2023, East 46th Street Corp. and Gbenebitse (hereinafter together the appellants) moved pursuant to CPLR 2201 to stay the action until the Surrogate's Court, Nassau County, appointed a personal representative to act on behalf of the decedent's estate, to deem served Toju's proposed answer, which was annexed to the motion papers, once a personal representative was appointed to act on behalf of the decedent's estate, and to compel the plaintiff to accept East 46th Corp.'s untimely answer. In an order dated October 11, 2023, the Supreme Court granted that branch of the motion which was pursuant to CPLR 2201 to stay the action until the Surrogate's Court appointed a personal representative to act on behalf of the decedent's estate to the extent that the action was stayed until December 31, 2023, and, in effect, denied the remaining branches of the motion.
In January 2024, Gbenebitse moved for leave to renew those branches of the prior motion which were pursuant to CPLR 2201 to stay the action until the Surrogate's Court appointed a personal representative to act on behalf of the decedent's estate and to deem served Toju's proposed answer once a personal representative was appointed to act on behalf of the decedent's estate. Gbenebitse argued that the deadline of December 31, 2023, for the Surrogate's Court to appoint a personal representative to act on behalf of the decedent's estate was impossible to meet because the Surrogate's Court had a backlog and the Surrogate "would not be sitting on the bench during the last week or two of December 2023." In an order dated February 9, 2024, the Supreme Court, among other things, upon renewal, granted that branch of the appellants' prior motion which was pursuant to CPLR 2201 to stay the action until the Surrogate's Court appointed a personal representative to act on behalf of the decedent's estate only to the extent of staying the action for 60 days after entry of the order. This appeal ensued.
"[T]he court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just" (CPLR 2201). Courts have "'broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources'" (Matter of Hersh, 198 AD3d 776, 778 [internal quotation marks omitted], quoting Chaplin v National Grid, 171 AD3d 691, 692). Here, it was apparent that the appellants [*3]were ready to protect the rights of Toju once a personal representative was appointed to act on behalf of the decedent's estate, but the backlog and scheduling issues in the Surrogate's Court made appointment of a personal representative impossible in the time allotted due to circumstances beyond their control (see Lee v Salzman, 2023 NY Misc LEXIS 42866 [Sup Ct, Queens County, No. 703677/19]; see also C.N. v West Islip Union Free Sch. Dist., 215 AD3d 684). Under the circumstances, we remit the matter to the Supreme Court, Kings County, to determine if a personal representative has been appointed for the decedent and, if not, whether a further stay of the action is warranted, and for a new determination thereafter of that branch of the appellants' motion which was pursuant to CPLR 2201 to stay the action until the Surrogate's Court appointed a personal representative to act on behalf of the decedent's estate. If a personal representative has been appointed, Toju's proposed answer, which was annexed to the motion papers, should be deemed served.
"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (U.S. Bank N.A. v Grubb, 162 AD3d 823, 824, quoting Citimortgage, Inc. v Stover, 124 AD3d 575, 576). The appellants failed to demonstrate a reasonable excuse for East 46th Streep Corp.'s default (see LaSalle Bank, NA v Bernard, 184 AD3d 816, 818; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027). Accordingly, that branch of the appellants' motion which was to compel the plaintiff to accept the untimely answer of East 46th Street Corp. was properly denied (see U.S. Bank N.A. v Grubb, 162 AD3d at 824).
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court