# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**645**

**CA 13-01505**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

SYLVIA F. BRYANT, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM M. CARTY, DEFENDANT-APPELLANT.

---

DEGNAN LAW OFFICE, CANISTEO (EDWARD J. DEGNAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVIDSON FINK, LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), dated March 22, 2013 in a divorce action. The order, among other things, denied defendant's motion to vacate the judgment of divorce.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part denying defendant's motion insofar as it sought to vacate the child support provisions of the judgment of divorce and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Allegany County, for further proceedings in accordance with the following Memorandum:  We agree with defendant that Supreme Court erred in denying that part of his motion seeking vacatur of the child support provisions of the judgment of divorce without conducting a hearing.  It is well settled that, when a "separation agreement is incorporated but not merged into the divorce judgment, vacatur of the divorce judgment has no effect on the enforceability of the agreement; the agreement survives as a separate and enforceable contract" (*Kellman v Kellman*, 162 AD2d 958, 958).  Thus, "[a] party seeking to set aside an agreement must do so by commencement of a plenary action, by affirmative defense or by counterclaim; such relief cannot be obtained on motion" (*Gaines v Gaines*, 188 AD2d 1048, 1048).

Here, however, the judgment of divorce specifically provided that the child support provisions of the parties' 2009 Property Settlement and Separation Agreement (Agreement) merged with the judgment of divorce.  Although in his motion defendant sought vacatur of the judgment of divorce in its entirety and a determination that the Agreement was unenforceable, defendant conceded at oral argument before this Court that he was seeking to challenge only the child support provisions of the judgment.  Inasmuch as the child support provisions of the Agreement merged into the judgment of divorce, those

provisions of the Agreement "cease[d] to exist as a separately enforceable contract" (*Rainbow v Swisher*, 72 NY2d 106, 109). Defendant therefore was not required to commence a plenary action to challenge those provisions but, rather, properly challenged those provisions of the judgment by motion (*see Vinokur v Penny Lane Owners Corp.*, 269 AD2d 226, 226; *cf. Kellman*, 162 AD2d at 958).

Contrary to plaintiff's assertion, the doctrine of res judicata does not bar defendant's motion. Here, "the merits of [defendant's] contention that the [judgment] was procured through fraud have not been previously litigated" (*Van Wie v Van Wie*, 124 AD2d 353, 354; *see generally Matter of Hunter*, 4 NY3d 260, 269-270). We further agree with defendant that he did not seek modification of his future child support obligation but, rather, he sought to vacate the child support provisions that merged with the judgment of divorce. We therefore modify the order by vacating that part denying defendant's motion insofar as it sought to vacate the child support provisions that merged with the judgment of divorce, and we remit the matter to Supreme Court for a hearing on that part of defendant's motion.

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court