Ogunbekun v Strong Mem. Hosp. (2020 NY Slip Op 01762)





Ogunbekun v Strong Mem. Hosp.


2020 NY Slip Op 01762


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


201 CA 18-00213

[*1]IBUKUN OGUNBEKUN, PLAINTIFF-APPELLANT,
v
STRONG MEMORIAL HOSPITAL, DR. SAM HUBER, DR. TELVA OLIVARES AND DR. ERIC CAINE, DEFENDANTS-RESPONDENTS. 






HOGANWILLIG, PLLC, AMHERST (SCOTT MICHAEL DUQUIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
OSBORN, REED & BURKE, LLP, ROCHESTER (RICHARD BRISTER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered November 8, 2017. The order denied plaintiff's motion to vacate an order dismissing his complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order that denied his motion to vacate an order dismissing the complaint pursuant to 22 NYCRR 202.27 (b) upon his default. Contrary to plaintiff's contention, Supreme Court did not abuse its discretion in denying the motion. The motion was untimely inasmuch as it was not made within one year after service of a copy of the default order of dismissal with notice of entry (see CPLR 5015 [a] [1]; Chase Home Fin., LLC v Desormeau, 152 AD3d 1033, 1035 [3d Dept 2017]; Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [3d Dept 2016]) and, although the court "retains inherent authority to vacate its own order in the interest of justice, even where the statutory one-year period . . . has expired' " (Hayes, 140 AD3d at 1362), plaintiff failed to "demonstrate a reasonable excuse for his lengthy delay in moving" to vacate the order of dismissal (Feldman v Delany, 94 AD3d 1043, 1043 [2d Dept 2012]; see Malik v Noe, 54 AD3d 733, 734 [2d Dept 2008]; cf. Bodden v Penn-Attransco Corp., 20 AD3d 334, 334-335 [1st Dept 2005]; see also Pawarski v Southeast Community Work Ctr., 143 AD2d 511, 511 [4th Dept 1988]). Moreover, even if plaintiff had timely moved to vacate or presented a reasonable excuse for his delay in moving, "[a] plaintiff seeking relief from a default [order] must establish a reasonable excuse for the default and a meritorious cause of action" (Butchello v Terhaar, 176 AD3d 1579, 1580 [4th Dept 2019] [internal
quotation marks omitted]), and plaintiff made neither showing in this case.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court