Peroni v Peroni (2020 NY Slip Op 07743)





Peroni v Peroni


2020 NY Slip Op 07743


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


609 CA 19-01062

[*1]YOLONDA G. PERONI, PLAINTIFF-RESPONDENT,
v
DAVID A. PERONI, DEFENDANT-APPELLANT. 






TIMOTHY A. BENEDICT, ROME, FOR DEFENDANT-APPELLANT.
COHEN & COHEN, UTICA (RICHARD A. COHEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered October 30, 2018 in a divorce action. The order denied the motion of defendant to, inter alia, vacate a default judgment of divorce and portions of the parties' separation agreement. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff and defendant were married in 2000 and, in May 2017, plaintiff commenced this divorce action. The parties negotiated the distribution of their property and reached a settlement, which resulted in a separation agreement. Pursuant to that agreement, the parties agreed, inter alia, that plaintiff's pension was her separate property and that defendant's retirement account was his separate property. The matter then proceeded as an expedited uncontested divorce action, and a judgment of divorce was entered upon defendant's default. The separation agreement was incorporated but not merged into the judgment of divorce. Thereafter, defendant moved to, inter alia, vacate the default judgment of divorce and those portions of the separation agreement addressing the pension and retirement accounts and sought to have those accounts distributed pursuant to the Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481, 489-491 [1984]). Defendant now appeals from the order denying that motion, and we affirm.
Defendant initially contends that Supreme Court erred in denying his motion insofar as it sought to set aside the provisions of the separation agreement addressing the pension and retirement accounts because those provisions are manifestly unfair or the product of fraud or overreach by plaintiff. We reject that contention. Where, as here, a "separation agreement is incorporated but not merged into the divorce judgment, vacatur of the divorce judgment [would have] no effect on the enforceability of the agreement; the agreement survives as a separate and enforceable contract" (Kellman v Kellman, 162 AD2d 958, 958 [4th Dept 1990]; see Bryant v Carty, 118 AD3d 1459, 1459 [4th Dept 2014]; see also Marshall v Marshall, 124 AD3d 1314, 1317 [4th Dept 2015]). Thus, in order to set aside the separation agreement, defendant was required to commence a plenary action or assert an affirmative defense or counterclaim, which he did not do; "such relief cannot be obtained on motion" (Gaines v Gaines, 188 AD2d 1048, 1048 [4th Dept 1992]; see Christian v Christian, 42 NY2d 63, 72 [1977]; Bryant, 118 AD3d at 1459).
We reject defendant's further contention that the court erred in denying the motion insofar as it sought to vacate the judgment of divorce pursuant to CPLR 5015 (a) (1). Although the courts have adopted a "liberal policy with respect to vacating default judgments in matrimonial actions" (DePerno v DePerno, 158 AD3d 1313, 1313 [4th Dept 2018] [internal quotation marks omitted]), a party seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a meritorious defense (see DePerno, 158 AD3d at 1313; see also Ward v Ward, 172 AD3d 955, 956 [2d Dept 2019]). Moreover, "it is well settled that [t]he determination of whether . . . to vacate a default . . . is [*2]generally left to the sound discretion of the court" (Mills v Mills, 111 AD3d 1306, 1307 [4th Dept 2013], lv dismissed 22 NY3d 1167 [2014] [internal quotation marks omitted]).
We conclude that defendant failed to establish a reasonable excuse for his default. To the extent that he contends that the side effects of certain medications impaired his judgment and constituted a reasonable excuse, we conclude that he failed to submit any evidence to support his conclusory allegation (see Calle v Calle, 28 AD3d 1209, 1209 [4th Dept 2006]; see also Dankenbrink v Dankenbrink, 154 AD3d 809, 810 [2d Dept 2017]; Ruparelia v Ruparelia, 136 AD3d 1266, 1269 [3d Dept 2016]). Moreover, the fact that defendant chose not to retain an attorney when he had sufficient time in which to do so does not establish a reasonable excuse for his default (see Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1099 [4th Dept 2013]; Mauro v Mauro, 148 AD2d 684, 685 [2d Dept 1989]; cf. Bird v Bird, 77 AD3d 1382, 1383 [4th Dept 2010]). Because defendant failed to establish a reasonable excuse for the default, we need not determine whether he had a potentially meritorious defense (see Abbott, 109 AD3d at 1100).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court