Vandamme v Curran (2021 NY Slip Op 07383)





Vandamme v Curran


2021 NY Slip Op 07383


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


899 CA 21-00743

[*1]DONNA VANDAMME, PLAINTIFF-RESPONDENT,
v
PATRICK A. CURRAN, DEFENDANT-APPELLANT. 






THE LAW OFFICE OF TERESA M. PARE, CANANDAIGUA (TERESA M. PARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LACY KATZEN LLP, ROCHESTER (LAURA K. ASHIKAGA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, J.), entered December 21, 2020. The order denied the motion of defendant to, inter alia, vacate a judgment of divorce and rescind the parties' separation agreements. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this post-divorce action, defendant husband appeals from an order that denied his motion to, inter alia, vacate the judgment of divorce entered upon his default and rescind the parties' separation agreements. We affirm.
Defendant contends that Supreme Court erred in denying his motion insofar as it sought to rescind the parties' separation agreements because those agreements were manifestly unfair or the product of fraud or overreach by plaintiff wife. We reject that contention. Where, as here, a "separation agreement is incorporated but not merged into the divorce judgment, vacatur of the divorce judgment [would have] no effect on the enforceability of the agreement; the agreement survives as a separate and enforceable contract" (Kellman v Kellman, 162 AD2d 958, 958 [4th Dept 1990]; see Peroni v Peroni, 189 AD3d 2058, 2059 [4th Dept 2020]). Thus, in order to set aside the separation agreements, defendant was required "to commence a plenary action or assert an affirmative defense or counterclaim, which he did not do; 'such relief cannot be obtained on motion' " (Peroni, 189 AD3d at 2059-2060).
Contrary to defendant's further contention, the court did not abuse its discretion in denying that part of the motion seeking to vacate the default judgment of divorce pursuant to CPLR 5015 (a) (1). That part of the motion was untimely inasmuch as "it was not made within one year after service of a copy of the default [judgment] with notice of entry" (Ogunbekun v Strong Mem. Hosp., 181 AD3d 1189, 1189 [4th Dept 2020]; see CPLR 5015 [a] [1]). Although "the court retains inherent authority to vacate its own judgment or order in the interest of justice, even where the statutory one-year period . . . has expired," here, defendant failed to "demonstrate a reasonable excuse for his lengthy delay in moving to vacate the [judgment]" (Ogunbekun, 181 AD3d at 1189-1190 [internal quotation marks omitted]; see Carter v Daimler Trust, 177 AD3d 541, 541 [1st Dept 2019]; Chase Home Fin., LLC v Desormeau, 152 AD3d 1033, 1035 [3d Dept 2017]). Moreover, even if that part of defendant's motion seeking to vacate the default judgment of divorce was timely or presented a reasonable excuse for his delay in moving, defendant was required to " 'establish a reasonable excuse for the default and a meritorious cause of action' " (Ogunbekun, 181 AD3d at 1190), and defendant made neither showing in this case.
Nor did the court abuse its discretion in denying that part of defendant's motion seeking to vacate the default judgment of divorce pursuant to CPLR 5015 (a) (3), which permits "[t]he court which rendered a judgment . . . [to] relieve a party from it upon such terms as may be just . [*2]. . upon the ground of . . . fraud, misrepresentation, or other misconduct of an adverse party." Contrary to defendant's contention, the allegedly misleading statements made by plaintiff did not prevent him from "fully and fairly litigating the matter" (Shaw v Shaw, 97 AD2d 403, 403 [2d Dept 1983]; cf. Petrosino v Petrosino, 171 AD3d 960, 960-961 [2d Dept 2019]; Bird v Bird, 77 AD3d 1382, 1383 [4th Dept 2010]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court