Clearfund Solutions LLC v Tomassetti (2024 NY Slip Op 00729)

Clearfund Solutions LLC v Tomassetti

2024 NY Slip Op 00729

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1064 CA 23-00105

[*1]CLEARFUND SOLUTIONS LLC, PLAINTIFF-RESPONDENT,
v
ANTON TOMASSETTI, DOING BUSINESS AS TONY'S TREE SERVICE AND ANTON TOMASSETTI, DEFENDANTS-APPELLANTS. 

AMOS WEINBERG, GREAT NECK, FOR DEFENDANTS-APPELLANTS.
WELLS LAW P.C., LANCASTER (STEVEN W. WELLS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered March 9, 2022. The order denied the motion of defendants to, inter alia, vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action for breach of contract and unjust enrichment seeking to recover under a merchant cash advance agreement (agreement) between plaintiff and defendant Anton Tomassetti, doing business as Tony's Tree Service (Tony's). Defendant Anton Tomassetti personally guaranteed Tony's performance of the agreement. Defendants failed to appear or answer, and a default judgment was entered against them. Defendants thereafter moved to, inter alia, vacate the default judgment, and they now appeal from an order denying their motion. We affirm.
We conclude that Supreme Court did not abuse its discretion in denying defendants' motion. To establish an excusable default under CPLR 5015 (a) (1), defendants were required to establish a reasonable excuse for the default as well as a meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Fusion Funding v Loftti Inc., 216 AD3d 1416, 1416-1417 [4th Dept 2023]; Peroni v Peroni, 189 AD3d 2058, 2060 [4th Dept 2020]). "In determining whether to vacate an order entered on default, 'the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits' " (Calaci v Allied Interstate, Inc. [appeal No. 2], 108 AD3d 1127, 1128 [4th Dept 2013]; see Matter of County of Livingston [Mort], 101 AD3d 1755, 1755 [4th Dept 2012], lv denied 20 NY3d 862 [2013]). "[T]he determination of whether . . . to vacate a default . . . is generally left to the sound discretion of the court" (Peroni, 189 AD3d at 2060 [internal quotation marks omitted]; see Stonewell Bodies & Mach., Inc. v All Area Fire & Rescue Apparatus Sales, LLC, 213 AD3d 1237, 1238 [4th Dept 2023]).
Here, the only excuse defendants gave for their failure to answer the complaint was that they were not properly served with the papers—a contention they have abandoned on appeal—and thus they failed to establish a reasonable excuse for the default (see Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 221 [2d Dept 2011]). Inasmuch as defendants failed to establish a reasonable excuse for the default, "we need not determine whether [they] had a potentially meritorious defense" to the action (Peroni, 189 AD3d at 2060; see City of Utica v Mallette, 200 AD3d 1614, 1617 [4th Dept 2021]; Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1100 [4th Dept 2013]).
We reject defendants' contention that the motion should have been granted and the default vacated "for sufficient reason and in the interests of substantial justice" based on the defense of criminal usury (Crystal Springs Capital, Inc. v Big Thicket Coin, LLC, 220 AD3d 745, 746 [2d Dept 2023] [internal quotation marks omitted]; see Slate Advance v Saygan Global Steel, Ltd., 206 AD3d 782, 783 [2d Dept 2022]; see also Piatt v Horsley, 108 AD3d 1188, 1189 [4th Dept 2013]). Defendants' remaining contentions are raised for the first time on appeal and are not properly before us (see O'Hara v City of Buffalo, 211 AD3d 1509, 1511 [4th Dept 2022]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court